## HAMMER vs. SCHŒNFELDER.

SALE: DAMAGES. *Measure of damages for failure to deliver goods.*

47 455
52 LRA 218n
52 LRA 220n
57 LRA 201n

1. Where goods sold have not been paid for, the measure of damages for failure to deliver them according to contract is generally the difference between the contract price and the market value of like goods at the time and place stipulated for such delivery.
2. But where the special purpose for which the goods were wanted by the vendee was known to the vendor, he is liable on the contract for any special damage resulting to the vendee (without fault on his part) from the failure to deliver; such special damage being the natural consequence of the nondelivery, presumably contemplated by the parties.

3. In every such case, the unpaid contract price of the goods must be deducted from the aggregate of the damages which the vendee would have been entitled to recover if he had paid the vendor such contract price.

APPEAL from the County Court of *Milwaukee* County.

Action to recover damages for defendant's breach of contract. Plaintiff had a verdict and judgment for $200; and defendant appealed.

The nature of the contract and of the breach thereof, and the errors alleged, will sufficiently appear from the opinion.

For the appellant, there was a brief by *Johnson, Rietbrock & Halsey,* and oral argument by *Mr. Johnson.* In support of the view that the contract price of the ice should be deducted from the gross damages accruing to the plaintiff from all causes, they cited Sedgwick on Dam., 260; *Bank of Montgomery v. Reese,* 26 Pa. St., 143; *McHose v. Fulmer,* 73 id., 365; *Messmore v. N. Y. Shot & Lead Co.,* 40 N. Y., 422. If plaintiff had paid for the ice in advance, he would have been compelled to elect either to rescind the contract and sue for the money paid, with interest, and that only, or else to affirm the contract and sue for damages only. He could not have had both interest and damages. *Harvey v. Myer,* 9 Ind., 391.

For the respondent, there was a brief by *Austin & Runkel,* and oral argument by *Mr. Austin.* They contended, 1. That plaintiff was entitled to recover not only the difference between the contract price of the goods and the market value of the same goods at the time and place agreed upon for delivery (2 Greenl. Ev., § 261, and note 4; Addison on Con., 3d Am. ed., § 589), but also all other damages actually sustained by him through defendant's breach of the contract, and which could not be prevented by reasonable endeavors and expense *(Richardson v. Chynoweth,* 26 Wis., 656; *Shepard v. The Gas Co.,* 15 id., 318; *McHose v. Fulmer,* 73 Pa. St., 365; *Bank v. Reese,* 26 id., 143; *Crist v. Armour,* 34 Barb., 378;

*Alfaro v. Davidson*, 40 N. Y. S. C., 87; *James v. Adams*, 8 W. Va., 568; 2 Comyn. on Con., 365; 2 Parsons on Con., 461, and note; Addison on Con., and 2 Greenl. Ev., *ubi supra*); and especially such consequential damages as were contemplated by the parties when the contract was made. *Hadley v. Baxendale*, 26 Eng. L. & E., 398; *Booth v. S. D. Rolling Mill Co.*, 60 N. Y., 487; 2 Wait's L. & P., 656.   2. That as the contract was one on which the defendant could recover nothing without full performance or tender of performance on his part, there was no reason why the contract price or any part of it should be set off against or deducted from the plaintiff's actual damages.

COLE, J.   The only question in this case relates to the rule of damages for the failure of the defendant to supply ice according to his contract.   The plaintiff was a butcher by trade, and the defendant undertook and agreed to furnish him with what ice he might require for his ice box, in which he kept fresh meat, at a stipulated sum for the season of 1878.

About the last of July the defendant stopped supplying ice, and refused any longer to furnish the plaintiff with ice for his box.   In consequence the plaintiff lost considerable fresh meat, which spoiled for want of ice.   The defendant had supplied the plaintiff with ice the previous season, and well understood the use to be made of the ice which he contracted to deliver.   Nothing was paid by the plaintiff on the contract. In respect to the measure of damages the learned county court directed the jury to the effect that, where the vendor fails to deliver goods according to his contract, as a general rule, the vendee, in an action for the breach, would be allowed to recover as damages the difference between the price agreed to be paid for the goods to be delivered and the market value of the goods at the time the contract was broken; that in this action the plaintiff was entitled to recover all such damages as would naturally flow from a breach of the contract on the

part of the defendant — that is, such damages as the plaintiff sustained by reason of loss of meat, etc., providing such loss occurred without any fault or negligence on his part to procure the necessary ice elsewhere to preserve his meat during the time for which the contract was to run; that it was necessary for the plaintiff to use reasonable care and make reasonable exertions to obtain a sufficient quantity of ice, if it could be procured, in order to prevent his meat from spoiling; but that he was not obliged to use extraordinary diligence to purchase ice to entitle him to damages on that ground. To this charge no exception was taken, but the defendant's counsel asked the court further to instruct the jury that the contract price of the ice was to be deducted from the damages of all kinds, because the plaintiff was not to be allowed the same damages that he would have had had he paid the contract price. The court declined to give this request, but added in substance that if the plaintiff had performed the contract on his part according to its terms, and had bought ice, whatever such ice cost him above the contract price would be the measure of damages; but as to the other damages which resulted to him in consequence of the nonperformance of the contract, which he was unable to avoid by reason of inability to procure the necessary ice, these damages had no connection with the contract at all.

Now the learned counsel for the defendant makes two criticisms upon the charge as given, and the refusal to instruct as requested: *First*, he says that as to the spoiled meat the court below regarded that as a cause of action in tort, and as to that adopted the rule of damages which would have been applicable if the injury were a trespass or other wrong committed by defendant, rather than a breach of contract on his part; and, *second*, the rule laid down by the court gives the plaintiff the same damages for nondelivery of the ice which he had not paid for, which he would have been entitled to receive had he paid for it.

Of course this was an action for a breach of the contract; but as the defendant fully knew the use which the plaintiff wished to make of the ice he agreed to deliver, namely, to supply his ice box in order to preserve fresh meat, there is no hardship in allowing the plaintiff to recover "not only *general* damages — that is, such as are the necessary and immediate result of the breach, — but *special* damages, which are such as are the natural and proximate consequence of the breach, although not in general following as its immediate effect." Benjamin on Sales, § 870. This is the rule on the subject of the measure of damages on breach of contract laid down in *Hadley v. Baxendale*, 9 Exch., 341, which has been approved by this court (see *Shepard v. Milwaukee Gas Light Co.*, 15 Wis., 318; *Richardson v. Chynoweth*, 26 Wis., 656), and seems applicable to the facts of this case; that is, " if the special circumstances, under which the contract was actually made, were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from the breach of contract under those special circumstances so known and communicated." ALDERSON, B., in *Hadley v. Baxendale.*

Now, as the defendant was acquainted with all the special circumstances in respect to this contract — knew for what purpose the ice agreed to be furnished by him was to be used, — he should fully indemnify the plaintiff for the loss he sustained by nondelivery of the ice; and he was, therefore, justly chargeable in damages for the meat spoiled in consequence of the inability of the plaintiff to procure ice elsewhere. This is a legitimate element to be considered in estimating the plaintiff's damages. It is a consequence which " may reasonably be supposed to have been in the contemplation of both parties, at the time of making of the contract, as the probable result of the breach of it." But it is obvious that these damages were con-

nected with the contract itself, and there was, therefore, an inaccuracy in the charge of the court in which it was said that such damages "had no connection with that contract at all." But this expression of the learned county court was, perhaps, not as likely to prejudice the defendant as the refusal to give the instruction asked, to the effect that the price of the ice was to be deducted from the damages of all kinds, and that the plaintiff was not entitled to recover the same amount of damages he should have had if he had paid the contract price.

That a vendee who has not paid the consideration should, in an action for nondelivery by the vendor, recover the same damages that he would where he had paid the contract price, is a proposition so obviously unsound as not to need argument to show its fallacy. Prof. Greenleaf says: "Upon a contract to deliver goods, the general rule of damages for nondelivery is the market value of the goods at the time and place of the promised delivery, if no money has yet been paid by the vendee; but, if the vendee has already paid the price in advance, he may recover the highest price of such goods in the same place at any time between the stipulated day of delivery and the time of trial." 2 Greenl., § 261.[1] For reasons already stated that rule could not apply here, but the remark shows that a real distinction exists between a case where the vendee has paid the contract price and where he has not, as to the rule of damages. Damages which were the natural and proximate consequence of a breach of the contract, such as the loss of meat, etc., were allowed the plaintiff in this case, and, as we think, justly. And we also think it would be equally just to deduct the contract price of the ice from the gross damages, and that this rule will fully indemnify the plaintiff for his loss on failure of the defendant to perform his contract.

The following cases, to which we were referred on the argu-

[1] Note. — A somewhat different rule of damages from the one given by Prof. Greenleaf in this section was laid down by this court in *Ingram v. Rankin, ante*, p. 406.

ment by defendant's counsel, while not directly in point, have a bearing upon the question: *Messmore v. The N. Y. Shot & Lead Co.*, 40 N. Y., 422; *Bank of Montgomery v. Reese*, 26 Pa. St., 143; *McHose v. Fulmer*, 73 Pa. St., 365; *Harvey v. Myer*, 9 Ind., 391.

*By the Court.* — The judgment of the county court is reversed, and the cause remanded for a new trial, unless the plaintiff remits from the amount of the verdict the contract price of the ice. Upon such a *remittitur* being filed, the court will give judgment for the amount of the verdict less such deduction; otherwise let there be a new trial.