# FOURTH DISTRICT, 1894.

### FRASER & CHALMERS V. THE ECHO MINING AND SMELTING COMPANY.

#### No. 506.

1. **Damages—Prospective Profits.**—Plaintiff purchased machinery of defendant to be used in erecting a smelter, and because of a delay of two months in the delivery, sued defendant for loss of the profits that might have been realized from the operation of the smelter during that time. Smelting works at that point were then an untried experiment, plaintiff's mines there being undeveloped, the quality and value of the ores therein unknown, and the expense of working the mines and operating the smelter undetermined. No profits had been realized from the smelting works after the delivery of the machinery. *Held,* that the profits claimed were too uncertain, remote, and speculative to be recovered as damages.

2. **Same.**—Prospective profits claimed must be free from speculation, and sufficiently certain to be capable of adequate proof; and they must not depend on the chances of trade, but upon market value and other facts capable of definite ascertainment.

APPEAL from El Paso. Tried below before Hon. C. N. BUCKLER.

*M. W. Stanton* and *W. W. Turney*, for appellant.—1. While the law does not condemn profits as a measure of damages, yet in order to recover for the loss of probable profits to be derived from an established or projected enterprise, there must exist some definite rule or standard by which such gain or profit may be computed with certainty. Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 683; Jones v. George, 61 Texas, 345; Min. and Smelt. Co. v. Fraser, 130 U. S., 611; McKennon v. McEwen, 48 Mich., 106; Allis v. McLean, 48 Mich., 428; Griffin v. Culver, 16 N. Y., 562; Rodgers v. Bemus, 69 Pa. St., 432.

2. The profits claimed were too speculative, uncertain, and contingent. Hadley v. Baxendale, 26 Eng. L. and Eq., 398; Burton v. Fay, 64 Ill., 418; Fraser v. Smith, 60 Ill., 145; McKinnon v. McEwen, 48 Mich., 106; 42 Am. Rep., 458; Allis v. McLean, 48 Mich., 428; Rodgers v. Bemus, 69 Pa. St., 432; 1 Suth. on Dam., p. 74, et seq.; 2 Id., pp. 489, 498; 1 W. & W. C. C., pars. 1, 2, 71, 192; Field on Dam., 375–388; Min. and Smelt. Co. v. Fraser, 130 U. S., 611; Jones v. George, 61 Texas, 345; Railway v. Hill, 63 Texas, 381; Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 683; Griffin v. Culver, 16 N. Y., 489.

3. When the court failed to instruct the jury upon the issue of profits to be made by operating the machinery, and when all the evidence in the case failed to show that any profits could reasonably be anticipated from the enterprise, it was the court's plain duty to withdraw such issue from the jury. Railway v. Burke, 55 Texas, 324; Railway v. Rowland, 82 Texas, 166.

*Millard Patterson*, for appellee.—The trial court did not err in charging the jury that the measure of damages which the plaintiff would be entitled to receive for the failure upon the part of the defendant to deliver the machinery which should have been delivered, would be, under the circumstances, "the reasonable value of the use of such machinery to the plaintiff in the smelting of ores from the time the same should have been delivered under the contract up to the time it was delivered." Railway v. Hill, 63 Texas, 385; Receivers v. Dunn, 1 Texas Civ. App., 527; Railway v. Fraser, 130 U. S., 611–623; Harrow Spring Co. v. Hapgood, 15 Am. St. Rep., 193–199; same case, 150 Mass., 248; 5 Am. and Eng. Encyc. of Law, 33, 34; Sedg. on Dam., 8 ed., sec. 133; Field on Dam., p. 236, secs. 250–252.

NEILL, ASSOCIATE JUSTICE.—The appellee, plaintiff below, claimed in its petition that appellant violated its contract in failing to deliver certain machinery which it had purchased from appellant, defendant below, for the purpose of erecting a smelter, in consequence of which it was delayed two months in the construction of such plant; and that it lost the profits it might have made by operating the smelter during the time, and the wages of certain of its employes. That the profits

lost were $10,000, and the hire of its employes amounted in the aggregate to $1652, all of which was prayed for as damages.

The petition was excepted to, and the execution of the contract as well as the alleged damages denied by the appellant.

As the result of the trial, judgment was rendered upon a verdict in appellee's favor for $2,722.83⅓. This appeal is from the judgment.

If the execution of the contract could be made an issue by pleadings not sworn to by defendant, as was sought to be done in this case, such issue was fully and fairly submitted to the jury, upon the evidence, by the charge of the court. And as the finding of the jury upon it in appellee's favor is supported by the evidence, the assignments of error going to matters relating to the execution of the contract require no further consideration.

It is claimed by appellant, that the loss of profits claimed by appellee is too uncertain, remote, and speculative to be recovered as damages. This contention is raised by assignments of error complaining of the rulings of the court upon exceptions to the petition, of its admission of testimony over appellant's objections, of its charge to the jury, and of the sufficiency of the evidence to support the verdict. These assignments will all be considered together.

It is aptly said by the Supreme Court of Oregon: "The difficulty in the determination of the question thus presented lies not so much in the ascertainment of the law of the subject as in its application to the facts of the particular case. The broad general rule in such cases is, that the plaintiff may recover such damages, including gains prevented, as well as losses sustained, as may reasonably be supposed to have been within the contemplation of both parties at the time of making the contract, as the proximate and natural consequence of a breach by defendant; and in determining what may reasonably be supposed to have been within the contemplation of the parties as a natural consequence of a breach, all the facts surrounding the execution of the contract known to both parties may be considered, even if these be such as would not necessarily enter into it, if known to the defendant. It is on this principle that an injured party is allowed to charge the loss on collateral contracts on proving notice, which in the absence of such notice, would not be considered within the contemplation of the parties." Blagen v. Thompson, 31 Pac. Rep., 647, citing 1 Suth. on Dam., 79; 1 Sedg. on Dam., sec. 149; Hadley v. Baxendale, 9 Exch., 341; Griffon v. Colver, 16 N. Y., 489; Booth v. Roll. Mill Co., 60 N. Y., 487; Hammer v. Schoenfelder, 47 Wis., 455; Messmore v. Shot and Lead Co., 40 N. Y., 422.

As said by the Supreme Court of Maryland, in Lanahan v. Heaver, 29 Atlantic Reporter, 1038: "The profits claimed must be free from speculation, and must be sufficiently certain to be capable of adequate proof. They must not depend on the chances of trade, but upon the market value and other facts which are susceptible of definite proof (Griffin v. Colver, 16 New York, 494; Masterson v. Brooklyn, 7 Hill,

61); and the plaintiff must establish the quantum of his loss by evidence from which the jury will be able to estimate the extent of his injury, excluding all such elements of injury as are incapable of being ascertained to a reasonable degree of certainty by the usual rules of evidence. Wolcott v Mount, 36 N. J. Law, 271. To furnish ground of recovery as damages, profits must be proved. United States v. Behan, 110 U. S., 344. Damages may be so uncertain, contingent, and imaginary as to be incapable of adequate proof; and there they can not be recovered, because they can not be proved. But when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to the amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. Wakeman v. Manufacturing Co., 101 N. Y., 209; 4 N. E. Rep., 264. The rule that damages which are uncertain or contingent can not be recovered, does not embrace an uncertainty as to the value of the benefit or gain to be derived from the performance of the contract, but an uncertainty or contingency as to whether such gain or benefit would be derived at all. It only applies to such damages as are not the certain result of the breach, but uncertain in amount. Blagen v. Thompson, 31 Pac. Rep., 647.''

The principles thus enunciated are followed by our courts (Jones v. George, 61 Texas, 347; Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 691; Railway v. Hill, 63 Texas, 385; Id., 70 Texas, 51; Welsh v. Morris, 81 Texas, 159), and were correctly announced by the trial judge in his charge given to the jury in this cause. But applying the principles recited to the pleadings and evidence in the case, we do not think either was sufficient to warrant plaintiff's recovery of damages for loss of profits it might have made in operating the smelter during the time the machinery was withheld from it by the appellant. No facts are alleged to show that any profits would have been realized if the machinery had been delivered within the time required by the contract. The smelter was to be erected at Magdalena Switch, on the Mexican Central Railway, in the State of Chihuahua, Republic of Mexico, for the purpose of refining, concentrating, reducing, and smelting ores for the appellee as well as for hire. This purpose was known to appellant, or its agent, when the contract was made, and it may be presumed that it also knew that appellee's object in purchasing the machinery and operating the smelter was for gain. But there is no testimony tending to show that appellee, at the time it contracted for the machinery, knew or had any reasonable certainty that a profit could be made by the operation of said smelter. On the contrary, the evidence shows that the undertaking on appellee's part was simply an experiment, such as would be regarded by a man of ordinary prudence as uncertain, if not hazardous, in its results. The evidence shows, that its (appellee's) mines were undeveloped, the cost of developing and working them, and the quantity and value of these ores unknown, as well as the costs of getting them to the smelter. The

same thing may be said, from the evidence, of mines in that district owned by other parties for whom appellee claims it expected to refine ores. The costs of operating the smelter was undetermined, and could not be then with any reasonable certainty ascertained. After the machinery was delivered to the appellee, it never operated the smelter or attempted to do so, and never in any way made a dollar profit from it. The mines, the value of their ores, the condition of the country, and the opportunity and facilities for operating the smelter, remained unchanged from the time the machinery was contracted for up to the time of trial; and if a profit could have been made by appellee in operating the smelter, it is reasonable to suppose it would have availed itself of the opportunity of making it as soon as it could place in operation the machinery, from which it claims it could have made so much money during the time it was withheld by appellant. Giving the appellee the full value and weight of all the testimony of the witness by which it sought to make out its case, it only shows that possibly it might have made something if the machinery had been delivered at the time agreed upon. The same possibility still exists, but it seems that appellee deems it too uncertain to put it to the test. We are of the opinion that the petition did not allege, nor the evidence disclose, sufficient facts to warrant the court in submitting the question of damages arising from loss of profits to the jury; and that the testimony offered to prove such damages should have been excluded, and the jury instructed to find for the defendant on such issue.

The appellee's employes, the loss of whose hire and wages are sued for, were not employed until after the contract was made, and such loss, if any, could not have been contemplated by the parties when the contract was made, and the trial court properly withheld such issue from the jury in its charge.

On account of the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 5, 1894.