## Henry Elmendorf et al. v. J. H. Classen.

### No. 759. Decided February 23, 1899.

**1. Contract Construed—"In No Event."**

See contract in which words in one article providing that "in no event" should compensation exceed a certain rate were limited in their application to the case provided for in that article, and held not to affect the compensation provided in other articles covering different contingencies. (Pp. 473-477.)

**2. Same.**

In different articles of a contract for boring an artesian well 1000 feet at $2 per foot it was provided: (6) that if sufficient flow to prevent further prosecution of work should be obtained at less than 600 feet the contractors should be paid for 600 feet at $2 per foot; (7) if none or insufficient water was obtained at 1000 feet, the contractor should drill deeper if the proprietor so elected, at an increase of 50 cents per foot for each 100 feet attained beyond the 1000; (8) that the proprietor might elect to stop short of 1000 feet and with an insufficient flow, "but in no event shall the party of the first part [contractor] receive more than $2 per foot save and except a sufficient flow as named in article sixth in this agreement is obtained." Held, that having elected to go on to the depth of 1400 feet, no sufficient supply having been obtained, the proprietor was liable to the contractors for the increased compensation provided by article 7 for the last 400 feet. (Pp. 473-477.)

**3. Damages—Remote and Speculative.**

Damages against a contractor boring an artesian well, for failure to comply with his contract to draw out the casing furnished by the proprietor on the work being abandoned, were limited to the value of the casing so lost. Increased expenses in watering his cattle by being deprived by the casing of the use of the water obtained, were too remote and speculative. (P. 477.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar.

Elmendorf et al. sued Classen, and recovered a judgment from which defendant appealed, plaintiff assigning cross errors. On affirmance appellees obtained writ of error.

*Summerlin & Walling* and *Franklin, Cobbs & McGown,* for plaintiffs in error.

*Frank J. Wise* and *Upson, Bergstrom & Newton,* for defendant in error. The trial court did not err in instructing the jury to return a verdict for the sum of $532.67, because the suit was upon an alleged debt of $3300, less agreed credits which were $2373, thus leaving a balance of $927, which by construing the contract in trial court was further reduced to $427, which with accrued interest produced the judgment for $532.67. According to the contract between the parties, if no artesian water was obtained plaintiffs were entitled to only $2 per foot for the whole depth, making $2800. A proviso at the end of a statute or deed extends to the whole statute or deed.    United States v. Babbit, 1 Black, 55; 34 Md., 381; 29 Iowa, 551. What is implied in a statute, pleading, contract, or will is as much a part of it as what is expressed. 2 Paine, 251; Haight v. Holley, 3 Wend., 258; Rogers v. Kneeland, 10 Wend., 219; 16 Wall., 13, 223; 19 Wall., 40; 20 Wall., 251, 493.

Where a party is injured by a breach of contract, he is entitled to recover all the damages resulting therefrom, if the said damages are directly caused or naturally result from the failure to perform said contract, and are sufficiently certain as to be susceptible of proof by legal evidence. Mill Co. v. Iron Works, 1 Texas Civil App., 685; Railway v. Hill, 63 Texas, 381; 49 Texas, 275; Wolcott v. Mount, 36 N. J., 262; White v. Miller, 71 N. Y., 118; Wakeman v. Mfg. Co., 101 N. Y., 205; Daughtery v. Tel. Co., 75 Ala., 168; Railway v. Hale, 83 Ill., 360; Bell v. Reynolds, 78 Ala., 511; Jones v. George, 61 Texas, 345; Railway v. Joachimi, 58 Texas, 456; Booth v. Mill Co., 60 N. Y., 487; Fox v. Harding, 7 Cush., 516; Milburn v. Belloni, 39 N. Y., 53; Passinger v. Thorburn, 34 N. Y., 634; 1 Sedg. on Dam., sec. 192; Masterton v. Mayor, 7 Hill, 61; Land Co. v. Cruger, 27 S. W. Rep., 212.

GAINES, CHIEF JUSTICE.—This case has been twice before the Court of Civil Appeals. Upon the first appeal, it came before us upon a certificate of dissent, with the result that we adopted the opinion of the majority of the court. 90 Texas, 204. That opinion is reported in 37 Southwestern Reporter, on page 245.

The suit was brought by the plaintiffs in error to recover of defendants in error for services rendered in drillng a well under a written contract, which in part was as follows:

"This agreement made and entered into this 2d day of July, A. D.

1892, by and between S. L. Sweeney and Henry Elmendorf, of the county and State above named, and hereinafter known as the party of the first part, and J. H. Classen, of Bexar County, and hereinafter known as the party of the second part, witnesseth:

"1. That the party of the first part hereby agree and bind themselves to drill an artesian well upon J. H. Classen's ranch in Bexar County, Texas, said well to be drilled to a depth of one thousand feet at any point upon said ranch that may be designated by said party of the second part." * * *

"4. That for and in consideration of the party of the first part complying with the above and foregoing stipulations, the party of the second part hereby agrees and binds himself to pay for said drilling at the rate of two ($2) dollars per foot, one-half thereof in cash and the other half so soon as well is completed.

"5. That the party of the second part hereby agrees and binds himself to furnish at said well all casing necessary for said well, free of cost to party of the first part, at such times and in such quantities as may be needed.

"6. That it is agreed and understood by the parties thereto that in the event that such a strong stream of artesian water is attained at a lesser depth than six hundred feet, so that deeper drilling will be impossible on account of such flow, and in that event payment to the party of the first part shall be made at the rate of two dollars ($2) per foot as aforesaid for the full depth of six hundred feet.

"7. That it is further agreed by and between the parties hereto, that in case no flowing water, or an insufficient flow of artesian water, is attained at the depth of one thousand feet, the party of the second part shall elect whether or not said well shall be drilled deeper, and in case he elect that a deeper depth shall be obtained, an increase of fifty cents per foot for each one hundred feet obtained beyond said depth of one thousand feet shall be paid to the party of the first part.

"8. That it is further agreed by and between the parties hereto, that in the event that an insufficient flow of artesian water is obtained at a lesser depth than said one thousand feet, said flow to be determined by the said party of the second part, said party of the second part shall elect whether or not said drilling shall stop, but in no event shall the party of the first part receive more than two dollars ($2) per foot, save and except a sufficient flow as named in article sixth in this agreement is obtained." * * *

"12. That it is further agreed by and between the parties, if no water should be obtained, the party of the first part agree to pull casing, free of charge, if possible to do so." * * *

The plaintiffs in their petition alleged the execution of the contract and gave a copy thereof, and also alleged in effect that in pursuance of the contract they drilled a well for the defendant to the depth of 1000 feet, and that a sufficient supply of water not having been obtained, at the demand of the defendant they drilled an additional 400 feet; and

claimed that by reason thereof they were entitled to receive the sum of $2000 for the first 1000 feet and the sum of $1300 for the additional 400 feet. In their petition they admitted credits to the amount of $1747.24.

The defendant excepted generally to the petition, and especially to so much thereof as claimed increased compensation for the additional 400 feet. He also pleaded a general denial, and in addition thereto pleaded in reconvention and claimed damages of the plaintiffs for an alleged failure to perform their part of the contract. In the plea in reconvention, it was alleged in effect that upon the failure to obtain water at a depth of 1400 feet and the abandonment of the enterprise, the plaintiffs had neglected to draw the casing from the well as they had contracted to do, and that by reason thereof the defendant had lost the casing and had been damaged to the extent of its value. He also pleaded in substance that at a depth of 700 feet a valuable supply of water had been obtained, but not of such character and quantity as was desired, and that he was deprived of the use of this water by the failure of the defendants to remove the casing; that the purpose of drilling the well was to afford an additional supply of water for his cattle, and that by reason of being deprived of the water which the well with the casing withdrawn would have afforded, he had been put to great expense in supplying his cattle with water. He also claimed that he had been damaged to the amount of the value of the well without the casing, which he alleged to be $2000.

The plaintiffs excepted specially to so much of the answer as sought damages for a failure to withdraw the casing.

Upon the hearing, the court sustained the exception to so much of the petition as claimed additional compensation for the last 400 feet of the well; and also sustained the exceptions to so much of the answer as claimed damages for the increased expense of providing water for the defendant's stock, and instructed a verdict for the plaintiff for $532.67, which was accordingly returned and upon which a judgment was rendered.

The defendant appealed and the plaintiff filed cross-assignments of error. The Court of Civil Appeals having affirmed the judgment, the plaintiffs bring the case to this court; and assign as error that the trial court and the Court of Civil Appeals erred in holding that under the facts alleged the plaintiffs were not entitled to recover more than $2 per foot for the last 400 feet of the well drilled by them.

Presumably the ruling in question is based upon that provision in article 8 of the contract, which provides that "in no event shall the party of the first part receive more than two dollars per foot, save and except a sufficient flow as named in article sixth of this agreement is obtained." But we are of opinion that this provision does not apply to the case provided for in article 7. The argument in support of the ruling seems to be that the provision quoted is not limited to the contingency provided for in the article in which it was found, but that it

applies to every case provided for in the contract when a sufficient flow of water should not be found. It seems to us that the argument proves too much; and that if the provision in question be extended so as to affect the contingency specified in article 7, the result is practically to render that article nugatory. "The sufficient flow mentioned in article sixth" is "such a strong stream of artesian water" "that deeper drilling will be impossible on account of such flow," and hence if the provision we are considering be made to apply to the case stipulated for in article 7, the plaintiffs could never receive any additional compensation for the deeper drilling therein prescribed, except upon the contingency that such a stream of water was struck as to prevent a further prosecution of the work. The construction so reached is not a reasonable one. It would seem from article 1 that the primary idea in the contract was to stipulate for a well not to exceed in depth 1000 feet. Article 7 may have been an afterthought; at all events it would seem to have been intended to provide for a remote contingency. The terms of the agreement suggest that two prominent ideas were in the minds of the parties when they entered into the agreement,—one, that upon failure to procure a sufficient supply of water the defendant was to have the right to determine whether the drilling should continue or not; the other, that the plaintiffs were, as a rule, to be paid for their work without reference to the supply of water which should be procured. Article 6 evinces that they were to be paid for 600 feet, although good water might be procured at a less depth. This provision is doubtless based upon the idea that there would be a large initial expense and that less than $1200 would not compensate the plaintiffs for undertaking the enterprise. It appears from article 7 that it was contemplated by the parties that when the well was drilled to a depth of 1000 feet, the expense of further drilling would materially increase, and while that article gave the defendant the right to demand that the drilling should go on, it gave the plaintiff the right to an increased rate of compensation. Article 7 gives the plaintiff no right to drill below the depth of 1000 feet; but gives the defendant the right to demand that they shall do so in case a sufficient supply of water has not been obtained at that depth. It is the only article in which the contingency of the necessity of boring to a lower depth than 1000 feet is alluded to, and we think that it announces the unqualified rule by which the rate of compensation for boring below that depth is to be fixed. If the increased rate of compensation for drilling more than 1000 feet was to be dependent upon obtaining "a strong stream of artesian" water, it would have been most appropriate to have named the condition in the article which stipulates for the increased rate. By article 6 the rule of compensation for drilling 600 feet or less was fixed; by article 7, the rate for drilling more than 1000 feet was also fixed. It would seem that the defendant contemplated that before reaching 1000 feet a supply of water might be obtained not as full as was desired, and as was contemplated in the contract; that he might desire to utilize what was obtained and thereby save the expense of further

work, and that therefore article 8 was inserted, which secured him the right to stop the work at less than 1000 feet, provided a supply of water, though deemed by him inadequate, was obtained. The provision that "in no event should the party of the first part receive more than $2 per foot except a sufficient flow of water as named in article sixth of this agreement was obtained," was to prevent the plaintiffs from claiming under the sixth article unless they had been prevented from boring 600 feet by "a strong stream of artesian water." Besides, we think that the language of article 8 shows that it was intended to provide only for the contingency that an insufficient supply of water was not obtained at less depth than 1000 feet,—for example, at 700 feet,—and that the defendant should then elect to abandon the work and for no other cause.

We conclude that the trial court erred in sustaining the exception to so much of the petition as claimed compensation for the last 400 feet drilled at the increased rate as mentioned in article 7 of the contract; that the Court of Civil Appeals erred in sustaining that ruling and that for the error, the judgment must be reversed and the cause remanded.

Since the cause is remanded, we deem it proper to say that in our opinion the Court of Civil Appeals ruled correctly upon the plaintiffs' exceptions to the defendant's plea in reconvention. If the plaintiffs failed in the duty of withdrawing the casing and it was thereby lost to defendant, he was entitled to recover its value. The increased expense of watering his stock by reason of being deprived by the casing of the use of the water obtained at 700 feet was too remote and speculative. The exception to the answer which was sustained by the court reads as follows: "And plaintiffs specially except to all that part of said answer attempting to set up and claim damages on account of the alleged loss of the use of water, on account of failing to remove said casing, and all that part of said answer setting up injury to his stock on that account, and his alleged increase of expenses and inconvenience in procuring water for the same, because not in contemplation under the terms of said written contract, and because the same is too remote and speculative, and further, because said allegations are not sufficiently specific to admit proof of any damage." We think this exception was correctly sustained.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*