### WESTERN UNION TELEGRAPH CO. v. EXUM. (No. 856.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1915. Rehearing Denied Jan. 12, 1916.)

1. TELEGRAPHS AND TELEPHONES ⊜⇒67 — BREACH OF CONTRACT — MEASURE OF DAMAGES.

A contract to furnish cotton market reports, when breached, entitles the other party to all damages which proximately result from the breach, but excludes all damages not so resulting, and all which did not flow from the breach in ordinary and natural sequence without other intervening cause.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64–68; Dec. Dig. ⊜⇒67.]

2. TELEGRAPHS AND TELEPHONES ⊜⇒67 — BREACH OF CONTRACT — MEASURE OF DAMAGES—SPECULATIVE DAMAGES.

Where defendant agreed to furnish plaintiff cotton market reports for a consideration, and failed to do so, plaintiff could not recover any damages incurred by his purchase of cotton above the market price, the breach of contract not being the proximate cause of the damage, which was due either to his reliance on other reports or his assumption of knowledge of the market price, which was in itself negligence.

[Ed. Note. For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64–68; Dec. Dig. ⊜⇒67.]

Appeal from Wheeler County Court; M. M. Miller, Judge.

Action by Frank Exum against the Western Union Telegraph Company. From a judgment for plaintiff after exceptions by defendant to the petition and refusal of its requested peremptory instruction, defendant appeals. Reversed and remanded.

C. E. McVey, of Shamrock, and N. L. Lindsley, of Dallas (Albert T. Benedict, of New York City, of counsel), for appellant. Hill & Clark and M. Reynolds, all of Shamrock, for appellee.

HUFF, C. J. The appellee instituted this suit against the appellant in the county court of Wheeler county, alleging that in October and November, 1913, he was in the cotton business, buying cotton on the streets of Shamrock, Tex., and that he subscribed with appellant for certain daily market reports, which the appellant agreed to furnish. For cause of action he alleges the following, which was submitted by the court to the jury:

"That during the months of October and November, 1913, and while the aforesaid agreement for market reports was in force, the defendant did not furnish unto the plaintiff said morning, noon, and evening reports, or messages, but, on the contrary, so negligently and carelessly conducted its business as a carrier of messages and reports, as that the plaintiff did not receive said reports as the defendant had obligated itself to furnish; that the defendant did, from time to time, and on divers dates, furnish to him a part of the reports contracted for, but they were so irregular, and so delayed and uncertain, and so few, as that they were but of little value to the plaintiff in his business as a cotton buyer, and were not enough in number, or regular enough, to keep him advised of the condition of the cotton market so that he could with profit pursue his business as a buyer; that while so engaged in said month of October and November, 1913, and while plaintiff was carrying out all parts of said agreement incumbent, and while he was not receiving said reports, he purchased from divers persons, who had cotton for sale on the streets of Shamrock, and paid to each, for said cotton, what he believed to be the market value thereof, but on account of the failure of the defendant to furnish said reports the plaintiff, after the purchase of 150 bales of cotton, ascertained that he had

paid more than the market value thereof; that he sold said 150 bales of cotton for the greatest value he could obtain for the same, which he avers was the market value thereof, at the time he sold it, and received for said cotton $319 less than he had paid therefor, whereby he says he was actually damaged in the said sum of $319 by reason of the purchase of said 150 bales; that he would not have purchased said cotton at the price he paid therefor if he had received the cotton markets, and had therefrom been advised as to the value of said cotton at the time that he purchased' the same."

He also alleged that he could have purchased during those months 300 bales of cotton, had the market reports been regularly furnished him, on which he could have made $1 a bale. This last ground of recovery was not submitted by the trial court.

The appellant excepted generally to the petition and at the conclusion of the testimony requested the trial court to instruct the jury to find a verdict for appellant. The action of the court upon the exception and the requested instruction, is assigned in this court as error.

[1, 2] The damages upon which recovery is sought, and upon which a recovery was had, is believed by us to be too remote, speculative, and contingent. The agreement to deliver the market report necessarily includes all those damages which usually or proximately would result in the breach of that contract, and excludes the consideration of all damages which are not the proximate result of the injury by the breach. If appellee was deprived of the market report he may have suffered injury, but we do not think it can be said if he relied on other sources for information and purchased cotton, paying above the market price, that such other information, if false or erroneous, can be said to have been the proximate result of the breach. If compelled to seek other sources the cost of obtaining such information elsewhere would be the natural result. It could hardly have been in contemplation of the parties that the appellee would go upon the market and buy above the market price with the right to recoup the loss from appellant. The damages must be the natural and direct result of the breach or such as flow therefrom by ordinary and natural sequence. If there is an addition of other negligent acts intervening and aiding in any wise the result, the damages will be too remote to be recovered. Tel. Co. v. Smith, 76 Tex. 253, 13 S. W. 169; Tel. Co. v. Sunset, 102 Tex. 148, 114 S. W. 100; Tel. Co. v. Campbell, 36 Tex. Civ. App. 276, 81 S. W. 580; Kopperl v. Tel. Co., 85 S. W. 1018; Reliance Lumber Co. v. Tel. Co., 58 Tex. 394, 44 Am. Rep. 620; McAllen v. Tel. Co., 70 Tex. 243, 7 S. W. 715; Elmendorf v. Classen, 92 Tex. 472, 49 S. W. 1043, 1045; Tel. Co. v. Linn, 87 Tex. 7, 26 S. W. 490, 47 Am. St. Rep. 58; Chapman v. Tel. Co., 90 Ky. 265, 13 S. W. 880.

The damages recovered in this case we believe were too contingent and speculative. It is asserted if appellant had delivered the reports he could and would have purchased the cotton he did purchase for a price less than he paid and that he could have then disposed of the same at a profit. Because he did not get the report he bought at a price above the market price. He either knew or did not know the market price when he purchased. If he knew the market he speculated on an advance; if he did not know, he speculated on his knowledge and assumed that he did know, taking the risk. If he lost he did so at his own risk.

"If subsequent intervening causes take advantage of the negligence of the company which may have had a causal connection with the result and ultimately produced the damages complained of, the company will not be liable." Jones on Tel. & Tel. Co., §§ 525, 526; Scheffer v. Railway Co., 105 U. S. 249, 26 L. Ed. 1070.

It was not certain that such purchase could have been made and resold for profit. The case alleged and proven was purely contingent. Tel. Co. v. Hall, 124 U. S. 444, 8 Sup. Ct. 577, 31 L. Ed. 479; Smith v. Tel. Co., 83 Ky. 104, 4 Am. St. Rep. 126. Where damages are speculative, resting upon conjectural evidence, they are not recovered. Damages, such as would be derivable from independent and collateral undertakings, although entered into in consequence of the principal contract, are too uncertain and remote to be considered as part of the damages. 13 Cyc. 52–54, inclusive; Fraser v. Echo Min. Co., 9 Tex. Civ. App. 210, 28 S. W. 714.

We believe the trial court should have sustained the general exception to the petition, and under the evidence in this case should have instructed a verdict for the telegraph company. However, we have concluded the case should be reversed and remanded instead of rendering the judgment.

Reversed and remanded.