**GOLDMAN v. ENGEL. (No. 6535.)**

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1923. On the Merits, Feb. 14, 1923. On Motion for Rehearing, March 28, 1923. On Second Motion for Rehearing, April 11, 1923.)

**1. Appeal and error ⊜390—Filing of amended appeal bond allowed.**

On motion of appellee to dismiss on ground that appeal bond was not such as statute required, appellant allowed to file amended bond.

On the Merits.

**2. Negligence ⊜119(4)—Petition held to authorize recovery for negligence generally.**

Under petition pleading both general and special negligence, plaintiff may recover for negligence generally.

**3. Trial ⊜366—Seasonable objection to submission of special issue necessary.**

Any error in submitting a special issue was waived by absence of seasonable objection to submission.

On Motion for Rehearing.

**4. Damages ⊜190—Evidence of amount of lost profits insufficient.**

Evidence in action for flooding plaintiff's store *held* insufficient for submission of loss of profits; it leaving the amount a matter of pure guess.

---

**On Second Motion for Rehearing.**

**5. Appeal and error ⬅1140(3)—Judgment modified and affirmed on remittitur of damages allowed for an item insufficiently proved.**

Appellee remitting the damages allowed for an item as to which there was insufficient proof, and, there being no other error, judgment will be modified and affirmed.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by Emily F. Engel against Fred Goldman and others. From judgment against the named defendant, he appeals. Modified and affirmed.

Nat Harris and John B. McNamara, both of Waco, for appellant.

G. W. Barcus, of Waco, for appellee.

**On Motion to Dismiss the Appeal.**

JENKINS, J. [1] Appellee has filed a motion to dismiss the appeal herein, for the reason that the appeal bond is not such as required by statute. We deem it unnecessary to pass upon the sufficiency of the appeal bond, inasmuch as appellant has requested permission to file an amended bond, which permission we have granted, and appellant is allowed until February 6th to file an amended bond herein.

Motion overruled.

**On the Merits.**

G. B. Higginson and A. C. Patton were the owners of a two-story building in Waco. They rented the upper story to Fred Goldman, who used the same as a residence, and the lower story to Miss Engel, who used the same as a millinery store. Appellee brought suit against all of the parties named, alleging that through their negligence water was permitted to run from the upper story through the ceiling and upon her stock of goods. The evidence showed that the owners of the building were not at fault, in that the plumbing was correctly done, and was not out of order. The court instructed a verdict for the owners of the building, from which no appeal has been taken, and submitted the issue of negligence and damage to the jury upon special issues. The jury found in favor of the appellee against the appellant for actual damages to her stock of millinery, and for loss of profits occasioned by such injury.

[2] Appellant's first and second propositions are that the court erred in submitting the issue as to whether water was permitted to escape, for the reason that appellee pleaded special acts of negligence, and could not recover for negligence generally. There is no merit in this assignment. Appellee pleaded both general and special negligence. Appellant's third proposition is to the effect that the evidence as to loss of profits was not "sufficient to enable the jury, with a reasonable degree of certainty and exactness, to ascertain the loss," for which reason it was error to submit this issue to the jury. We overrule this contention. The evidence upon this issue was to the effect that the damage occurred at the beginning of the millinery season; that by reason of the goods becoming wet, the millinery could not be put in first class condition, and could not be sold at the profit which appellee would otherwise have made. The evidence indicated the amount of such profits with sufficient certainty to enable the jury to determine this issue.

[3] The fourth proposition is to the effect that the court erred in submitting issue No. 2, for the reason that there was no evidence upon which the jury could base an answer to the same. Special issue No. 2 was as follows:

"Was the water that caused the damage, if any, to the plaintiff's goods permitted to escape from the defendant Goldman's residence on to the plaintiff's premises by reason of any negligence on the part of defendant Goldman?"

The only objection made by appellant to submitting this issue was that the same was upon the weight of the evidence. Appellant by failing to seasonably object to the submission of this issue thereby waived whatever error there may have been in submitting the same. However there was no error in submitting this issue, for the further reason that the evidence demanded the submission of the same.

Appellant submits no propositions under his assignments of error, except those above referred to. The case appears to have been properly submitted to the jury upon special issues, raised by the pleadings and the evidence, and the findings of the jury are supported by the evidence, for which reasons the judgment of the trial court is affirmed.

Affirmed.

**On Motion for Rehearing.**

[4] A careful examination of the evidence in this case has convinced us that we were in error in holding that the evidence indicated the amount of appellee's profits with sufficient certainty to enable the jury to determine this issue. The appellee did not state the amount of profits which she estimated she would have received, but for the injury to her goods. She did not state the gross amount of her sales during any corresponding season, nor the percentage of profits which she realized; nor did she state the amount of her sales after the damage. While it is reasonably apparent that she lost some profits, there is nothing in the testimony from which the jury could base an

estimate as to the same. Their verdict was necessarily a pure guess on this matter. Our view of the law with reference to loss of profits was fully stated in the case of Amer. Construction Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1016. See, also, on this point Fraser et al. v. Mining Co., 9 Tex. Civ. App. 210, 28 S. W. 714; Walter Box Co. v. Blackburn (Tex. Civ. App.) 157 S. W..220; Midkiff v. Benson (Tex. Civ. App.) 225 S. W. 186; Hedrick v. Smith (Tex. Civ. App.) 146 S. W. 305.

For the reason that the judgment of the trial court was erroneous, in allowing appellee damages by way of loss of profits, and for that reason alone, the motion for rehearing is granted, and this cause is reversed and remanded.

Motion granted.

### On Second Motion for Rehearing.

At a former day of the present term, we reversed and remanded this cause, for the reason that the evidence was insufficient to support the judgment for $200 damages for loss of profits.

[5] Appellee having filed a motion for rehearing herein together with her remittitur of the judgment for damages for profits, there being no other error of record, the motion for rehearing is granted, our judgment reversing and remanding this cause is set aside, and the judgment of the trial court, except as to said $200 is affirmed.

Motion granted.

Affirmed.