NOE EQUAL TEXTILE MILLS, Inc., v. WALLER. (No. 11993.)

Court of Civil Appeals of Texas. Fort Worth. June 23, 1928.

Rehearing Denied Sept. 29, 1928.

John P. Marrs and J. R. Ogle, both of Wichita Falls, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, for appellee.

CONNER, C. J. The appellee sued the appellant corporation for damages resulting from a breach of contract whereby the appellant corporation appointed appellee district manager of a described territory for the sale of certain textile fabrics manufactured by the appellant corporation, providing, among other things, that appellee should receive a 10 per cent. commission upon the sales made during the continuation of the contract.

Appellee alleged, in substance, that pursuant to the terms of the contract he established an office in the city of Wichita Falls, and at his own expense provided the necessary furniture, and proceeded to appoint salesmen for the prosecution of the enterprise; that by the terms of the contract appellant was to, and did, furnish appellee with samples of the articles to be sold, which samples showed high and merchantable qualities; that during the first month of the prosecution of the business, appellant furnished the articles to be sold, consisting of hosiery and lingerie of high grade and quality corresponding to the samples, but soon thereafter failed to furnish merchantable goods of the kind and quality specified in the contract, whereby much dissatisfaction arose among the customers, resulting in a refusal of his appointed agents to longer serve and a consequent large loss in profits, etc.

The trial was before the court without a jury and resulted in a judgment for the

plaintiff in the net sum of $490.05, from which judgment the appellant has duly appealed.

■ We have carefully considered the record in this case, and find ourselves unable to concur in the main contention that the pleadings, evidence, and court findings all show that the damages assessed by the court are purely speculative and insufficient to support the judgment, under such authorities as Fraser v. Echo Mining & Smelting Co., 9 Tex. Civ. App. 210, 28 S. W. 714; Walter Box Co. v. Blackburn (Tex. Civ. App.) 157 S. W. 220; Mutual Film Corp. v. Pastime Theater (Tex. Civ. App.) 202 S. W. 972; Raymond v. Yarrington (Tex. Civ. App.) 69 S. W. 436; S. W. Telephone Co. v. Thomas (Tex. Civ. App.) 185 S. W. 396; First Nat. Bank v. Donohoe (Tex. Civ. App.) 293 S. W. 217; 17 Corpus Juris, 755, §§ 89, 117, 118; Page on Contracts, vol. 6, § 3200. These cases generally announce the rule that:

"The profits claimed must be free from speculation, and must be sufficiently certain to be capable of adequate proof. They must not depend on the chances of trade, but upon the market value and other facts which are susceptible of definite proof."

We think, however, that the case before us is distinguishable from those cited, in that here the business had become an established one with certain profits in the way of commissions fixed by contract and actually received during its continuance. As it seems to us, this case falls more clearly within the rule announced in the case of Park v. Swartz, 110 Tex. 564, 222 S. W. 156, by Chief Justice Phillips, approving the dissenting opinion in the same case, reported in (Tex. Civ. App.) 159 S. W. 338; and in Equitable Mortgage Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 576. See, also, 17 Corpus Juris, 758, 761, where it is said that—

"As a general rule where a cause of action is complete, a recovery may be had of prospective damages which it is reasonably certain will accrue."

In this connection it is further said that—

"Reasonable certainty is sufficient; absolute certainty is not required."

In the case of Park v. Swartz, supra, it was held by Judge Phillips, quoting from the headnotes, that—

"Where defendants breached a contract giving plaintiff the exclusive agency for the sale of a number of lots, plaintiff is entitled to recover the amount which under the contract he would presumably have earned in the absence of showing by defendants that plaintiffs could not or would not have performed the contract, regardless of its breach by defendants."

It cannot therefore be said that the court's finding and judgment, based on appellee's trial amendment and evidence, is wholly unsupported as appellant contends.

■■ Nor do we see our way clear to disturb the judgment in the amount of the damages assessed. No mathematical standard can be fixed for the ascertainment of future profits. In the very nature of the subject, the estimate of the witnesses acquainted with the business and having knowledge of the provable facts and the antecedent course and resulting profits must be looked to as the best evidence obtainable, even though lacking in absolute certainty. Appellee conducted the business in question for several months, knew and testified as to the amount of the early sales, the rate of increase of sales during the time the goods furnished equaled in quality the samples furnished, the contract rate of his commissions, etc. There is no contravening testimony offered. The trial judge had the witness before him, and was the arbiter of the credibility and weight to be given to the testimony. Under such circumstances, we do not feel justified in substituting our judgment for that of the trial judge. The fact, to which our attention is called, that no defect in the hosiery was shown, is not sufficient to alter our conclusion. The hosiery and lingerie were parts of a single whole in contemplation of the contract between the parties, and if, as the court found, the failure to furnish the contract grade of lingerie resulted in a breach of the contract and consequent destruction of the business, the fact that the hosiery was of the required grade is immaterial.

For the reasons stated, we conclude that the material facts as found by the trial court should be adopted and the judgment affirmed.