Western Union Telegraph Company v. Jeff Simmons.

Decided June 3, 1903.

**Telegraph—Mental Suffering—Cross-Examination.**

Plaintiff suing for mental anguish through being prevented from attending his brother's funeral, may be cross-examined as to his feelings with a view to determine whether any or what part of the pain suffered was from not being present at the funeral.

Appeal from the District Court of Tom Green. Tried below before Hon. J. W. Timmins.

*C. O. Harris* and *M. C. Smith,* for appellant.

*Du Bois & Allen,* for appellee.

STREETMAN, Associate Justice.—Appellee brought suit for damages on account of delay in delivering to him the following telegram: "Dublin, Texas, June 25, 1900.—To Jeff Simmons: Dave Simmons shot and killed by M. A. Brown. Come. Tom Sanders."

Appellee was at San Angelo, Texas, where he lived, and his brother on the date mentioned was killed at Dublin, Texas. The telegram was sent about 4 o'clock p. m. on that date, and it was claimed that it should have been delivered on the same day, but it was not delivered until about 3 o'clock p. m. of the next day. Appellee was thus delayed twenty-four hours in reaching Dublin, and arrived there too late to attend his brother's funeral.

Upon the trial appellee testified to the blood relationship and to the close friendship between him and his brother, and that he wanted to attend his funeral.

Upon cross-examination defendant's counsel, for the purpose of laying the predicate for proving by said witness that he did not suffer any increased or augmented mental anguish by reason of the fact that he was not present at his brother's funeral, and for the purpose of proving by said witness that if he suffered mental anguish after he reached Dublin and ascertained that his brother had been buried, said mental suffering was the prolonged suffering natural to the death of his brother, asked the following question: "Is it not a fact that you experienced feelings of grief and suffering—mental anguish—upon receiving the news of the death of your brother, and is it not a fact that such mental suffering continued up to the time you reached Dublin and for a long time thereafter?" Appellee objected, and the witness was not required to answer the question. Appellant then asked the following question: "Was your grief and mental suffering any greater when you reached Dublin, Texas, and learned that your brother's funeral had taken place the day before, than it had been from the time you first received the news of his death until you reached Dublin and received information that the

funeral had taken place?" Upon objection the witness was not required to answer. Appellant then asked the following question: "Was your mental suffering increased or augmented by reason of the fact that you were not present at your brother's funeral?" Objection was sustained to this question, and the witness was not required to answer.

It was error not to require the plaintiff to answer these questions. The injury for which a recovery was sought was mental anguish occasioned by the inability to attend the funeral. Whether mental anguish was occasioned by said cause was an issue of fact. It is true that from the fact of blood relationship, as proved, the jury might, without other proof, infer that mental anguish was occasioned by the failure to be present at the funeral. Telegraph Co. v. Coffin, 88 Texas, 94. We do not understand, however, that the inference which may be drawn from such facts can not be. rebutted, nor that the character of proof mentioned is the only method by which the fact of mental anguish may be established or disproved.

If a plaintiff suffers mental anguish, that is a fact which he knows, and we do not think it is necessary to establish it solely by circumstances, but that the witness may testify to it as a fact within his knowledge. If he did not suffer mental anguish, that is a fact equally known to him, and we see no reason why a defendant has not the right to compel him to so testify.

In the case of Telegraph Co. v. Adams, 75 Texas, 531, a recovery was sought for mental suffering of Mrs. Clara Adams, on account of failure to see her brother before he died. Judge Henry says: "A witness was permitted to testify that Mrs. Clara Adams, while waiting for a train to Waco, after the message had been delivered to her, seemed to be in great distress, and said that she would give everything that she possessed to see her brother and talk with him before he died. As the jury would be instructed that they might, in assessing damages, include her mental anguish in their estimate, it was doubtless thought that evidence of her mental condition, including expressions of it at the time, might be given. As juries may, from their own knowledge and experience of human nature, estimate damage proceeding from that cause without any evidence, it is not important to produce it, and when produced, it ought not, as a general rule, to have a controlling effect; and yet we are not able to see why the fact that mental anguish was felt, and was exhibited by speech or otherwise, may not be proved for what it may be worth. It at least furnishes no ground for setting aside a verdict that might be sustained without any evidence as to the existence or degree of mental pain."

In Gulf C. & S. F. Ry. Co. v. Moore, 28 Texas Civ. App., 603, damages were claimed on account of mental suffering arising from certain personal injuries. The court there says: "Appellant complains of the admission, over its objections, of testimony to the effect that before the accident Moore's disposition was pleasant, bright and sunny, and that after he was injured he was depressed in spirits and melancholy. The

evidence was admissible as tending to show that he suffered physical pain and mental anguish on account of his injuries."

In Missouri K. & T. Ry. Co. v. Miller, 25 Texas Civ. App., 460, the plaintiff was permitted to testify as follows: "There are times when I am thinking of what I have been, the prospects are so heavy for me that I can hardly bear the weight. I have been a very active man in my days, and when I think of what I have been, a powerful man, and when I think that I have got to be laid up the balance of my life, the load is a little heavy for me." In discussing the admissibility of this evidence, the court says: "Since mental anguish or suffering is a proper subject for damages in cases where one in good health and strength, sound in mind and members, by reason of the wrongful act of another is reduced to the state of a physical wreck, maimed and crippled for life, broken in body and spirit; and since the jury may presume mental anguish in the absence of affirmative evidence thereof, in cases where such would be the natural consequence of such injury, we can see no good reason, since parties to a suit may testify, why they may not relate their mental anguish as well as their physical sufferings." A writ of error was refused in this case.

It follows from these authorities that the plaintiff in this case might have testified that he did experience mental anguish as a result of being absent from his brother's funeral, although such mental suffering, in the absence of other evidence, might have been inferred. We do not think it is inconceivable or impossible, however, that the plaintiff may not have experienced mental anguish on said account. It is obvious that the degree of suffering incident to such a cause will vary under the circumstances presented in different cases, and we do not think it impossible that cases might arise in which no mental anguish would be experienced, notwithstanding the fact of a relationship from which such anguish might be inferred.

We conclude that the court should have required the plaintiff to answer the questions above set out, and that the defendant had the right, in this manner, to require him to testify whether, in fact, he suffered mental anguish by reason of his being absent from the funeral.

We have carefully considered the remaining assignments, and find no other error.

Because of the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*