WESTERN UNION TELEGRAPH COMPANY v. W. E. COFFIN.

No. 241.

1. **Mental Anguish—Notice of Special Relations.**

In an action for damages from mental anguish caused by inability to attend the burial of a brother-in-law of the plaintiff, through delay of the defendant in delivering a message announcing the death and inviting to the burial, it was shown, that relations of great affection existed between the plaintiff and the deceased. *Held*, that to make the telegraph company liable for the injury arising out of these special circumstances, notice thereof must have been given when the dispatch was delivered for transmission...   97

2. **Relation of Brother-in-Law.**

From the relationship of brother-in-law there does not arise any presumption of great affection, nor could a jury infer from such relationship that mental anguish would follow the inability of one to attend the burial of the other. In absence of notice of such relationship, or of evidence of actual suffering, the verdict and judgment for damages could not be supported..   98

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Smith County.

This was an appeal from a judgment for $500 recovered by Coffin for mental anguish suffered from inability to attend the funeral of his wife's brother, caused by delay in delivery of a message notifying him of the death and inviting him to attend the burial. Relations of great friendship existed between plaintiff and the deceased. The judgment was affirmed by the Court of Civil Appeals. In the application for writ of error it is alleged, that "the relationship, if any, existing between Coffin and the deceased was not such as justified Coffin's mental distress or entitled him to any recovery therefor. And the fact that plaintiff in error was negligent, thereby causing the breach of the contract (for delivery of the message), would not entitle Coffin to recover, unless he was of such relationship to the deceased as to justify his mental distress."

*M. R. Geer,* for plaintiff in error, cited Sayles' Rev. Stats., secs. 2899–2909; Tel. Co. v. Stuart, 66 Texas, 580; Tel. Co. v. Moore, 76 Texas, 66; Kelly v. Neely, 12 Ark., 657; same case, 56 Am. Dec., 289; Wetter v. Walker, 62 Ga., 145; Oneal v. The State, 47 Ga., 229; Moses v. The State, 11 Humph., 232; Bailey v. Wright, 108 Mass., 389; same case, 19 Atl. Rep., 785; Rank v. Shewey, 4 Watts, 218; Esty v. Clark, 101 Mass., 36; 2 Hov. Supp. to Ves. Rep., 505; Vaughan's Rep., C. P., 302, 329; 19 Ves., 400; 39 Wis., 96; 47 N. J. Eq., 563; Ins. Co. v. Volger, 89 Ind., 572; same case, 46 Am. Rep., 185; Lewis v. Ins. Co., 39 Conn., 100; 26 N. E. Rep., 986; Halford v. Kymer, 10 Barn. & Cress., 724; Bouv. Law Dic., terms "Affinity," "Brother-in-Law."

*Marsh & Butler,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—W. E. Coffin resided at Tyler, on March 17, 1892, about 500 yards from the public square. He had resided in that town for about two years, and was well known to most of the business men of the town. Coffin married the sister of R. Bracken, and "thought as much of him as if he had been a brother."

March 17, 1892, the following message was delivered to the agent of the telegraph company at Lancaster, Texas, at the hour of 7 a. m., the customary charges being paid at the time by the sender: "To W. E. Coffin, Tyler, Texas.—R. Bracken will be buried to-morrow. Come at once. Answer. J. M. Knight." The message was promptly transmitted to Tyler by the telegraph company, and put into the hands of the messenger boy to be delivered to Coffin. The boy took it to a hotel and inquired of the clerk if he knew W. E. Coffin, and was told that he, the clerk, knew him; that he was a travelling man, and was not in the city; but he stopped at that hotel when in the city, and would probably be in that night. The boy left the message with the clerk, who receipted for it. The man whom the clerk knew was C. H. Coffin, but he did not at the time remember the difference in the initials. The message was never delivered to W. E. Coffin, who was at home that day, and, if the message had been delivered, could and would have gone to the burial of his brother-in-law, Bracken.

Coffin sued the telegraph company, and upon trial recovered judgment in the sum of $500, which judgment was affirmed by the Court of Civil Appeals.

The defendant filed a general demurrer and special exception presenting the question of relationship, and a general denial, with a special plea not necessary to notice. Three assignments of error are presented for consideration, which present in substance one question, that is, do the facts proved entitle plaintiff to recover in this case?

The former decisions of this court have settled the following propositions of law applicable to the case:

1. That the person for whose benefit a telegraphic message is sent, and who is named in the message, or of whose interest therein notice is given to the company at the time, may sue upon it in case of injury from the negligence of the telegraph company.

2. That the telegraph company is charged with notice of the relationship which actually exists between the parties named, whether disclosed by the terms of the message or not.

3. That the company receiving the message must take notice of the purposes for which the message was sent as disclosed by the language of the message, and in case of messages relating to serious sickness or death, it must be held to know that the person for whose benefit it is sent has a serious interest in the prompt delivery of it.

4. From the fact of blood relationship, if it exists, a jury may, without other proof, infer that mental anguish was occasioned by the failure to be present at the bedside of the sick or at the funeral of the deceased relative.

5. That mental anguish, whether accompanied by injury to the person or not, is a proper element of actual damages, and when caused by the negligence of the telegraph company in failing to deliver a message, compensation therefor may be recovered by the injured party.

In the case of Telegraph Company v. Erwin, 19 Southwestern Reporter, 1002, the suit was by Erwin to recover damages for failure to deliver a message informing him of the death of his wife's father, in which suit he seems to have claimed damages for the mental anguish occasioned to himself as well as to his wife; but the question of relationship is not discussed, and the case is not regarded as authority upon the point.

In Reese v. Telegraph Company, 123 Indiana, 294, the plaintiff sent a message to the husband of his sister informing him of the dangerous illness of his (Reese's) wife, which was not delivered. The wife died, and the brother-in-law addressed did not arrive before the burial. The question of relationship was not discussed in the case; but the court held that he was entitled to recover. In that case, the trial court had sustained a demurrer to the plaintiff's petition, the sufficiency of which was the question before that court.

These are the only cases that we have found in which there has been a recovery, or in fact suit, upon a like cause of action, by any but near blood relatives, and husband and wife.

That husband and wife, parent and child, and brothers and sisters, may recover under the principles before announced, is settled by the decisions of this and other courts which have agreed with the decisions made in this State on that subject. To what degree of remote relationship the inference of injury may be extended is not necessary for us to determine at this time, but it is evident that there may be blood relations so far removed that no such presumption could be indulged by the jury.

The right to recover, however, for such injuries can not upon principle be placed upon kinship, which affects only the questions of notice and proof of injury. The right of the plaintiff to recover, and the liability of the telegraph company to respond in damages in such cases, depends upon the general rules of law applicable to all classes of breach of contract.

"When two parties have made a contract which one of them has broken, the damages which the other ought to receive, in respect of such breach of contract, should be such as may fairly and reasonably be considered as arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or as may reasonably be supposed to have been in the contemplation of the parties at the time that they made the contract, as the probable result of the breach of it. If the special circumstances under which the contract was actually made were communicated by the plaintiff to the defendant, and thus known to both parties, the damages resulting from the breach of such

contract which they would reasonably contemplate would be the amount of the injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would generally arise, in the great multitude of cases not affected by any special circumstances from such a breach of contract."

It being settled that mental anguish constitutes actual damages for which a recovery may be had in this class of cases without concurring physical injury, our decisions are in harmony with and logically follow from the general rule laid down and universally approved. To illustrate the application of these general principles by our court in this class of cases, and to show the points wherein this case is not embraced in the rule or in our decisions heretofore rendered, we will suppose that Coffin was the father of the deceased. In such case, upon the delivery of the message the telegraph company must have taken notice of the relationship between the parties, and from the language of the message must have known that the purpose of sending it was to enable him to be present at the burial; therefore, that a failure to deliver the message would probably deprive him of being so present. It must also, from a knowledge of the laws of human nature, common to all, have known that such failure to be present at the funeral would cause mental suffering, because this is a common result from such a state of case. The injury in such case is the natural result of a failure to deliver the message, and must have been in the "contemplation of the parties when the contract" for transmission was made. The facts showing liability being proved, the jury might infer the fact of mental anguish, because such is recognized as a common result under such circumstances. No proof would be required to show that mental suffering did ensue.

In the case under consideration, the tender relations alleged to have existed on the part of plaintiff towards deceased, was a special condition of things not known to be usual between brothers-in-law; and in order to make the defendant liable for the injury arising out of these special circumstances, notice must have been given to it when the telegram was delivered for transmission. Daniel v. Tel. Co., 61 Texas, 457; Express Co. v. Darnell Bros., 62 Texas, 641; Tel. Co. v. Way, 83 Ala., 556; Tel. Co. v. Gildersleeve, 29 Md., 249.

In order, therefore, for the plaintiff to have recovered in this case, he must have proved, that at the time the message was delivered to it, the telegraph company was notified of the relations existing between him and the deceased, otherwise the company would be regarded as only having in contemplation such results as would follow in the usual course of things when brothers-in-law are thus concerned, and not to have contemplated that degree of anguish which would exist in case of a brother. Neither could the jury infer mental

anguish from the fact of relationship of brother-in-law or that of friend, or upon proof of the existence of these tender ties between them, for there is no recognized common rule that the dearest friends suffer such anguish on like occasions. No doubt cases do exist in which the suffering of a friend is as great as that of a brother under like circumstances, but it is not the common and known result.

There being neither proof of notice to the telegraph company of the special circumstances nor of the actual suffering by plaintiff, the judgment was unauthorized by the proof, and the Court of Civil Appeals erred in not reversing it. It is therefore ordered, that the judgments of the District Court and the Court of Civil Appeals be reversed, and the cause remanded to the District Court.

*Reversed and remanded.*