Western Union Telegraph Company v. L. W. Wilson.

No. 1232. Decided June 26, 1903.

**1.—Telegram—Mental Suffering.**
    The relation of an uncle to a niece is not ordinarily of a character to entitle the former to recover from a telegraph company damages for mental suffering from being unable to attend the funeral of the latter, in the absence of special circumstances brought to the knowledge of the company, of which it could not be charged with notice from the fact that a message announcing the impending death was sent to him. Following Telegraph Co. v. Coffin, 88 Texas, 94. (Pp. 24, 25.)

**2.—Same—Loss of Privilege to Console Relative.**

The loss of the privilege of affording consolation to a sister on the funeral of her child, if a cause of mental suffering for which damages could be recovered, was not a consequence to the person to whom a telegram was addressed which the telegraph company could be held to have contemplated from the fact that a message was sent to the brother announcing the impending death of the child and dangerous condition of the mother. Following Telegraph Co. v. Luck, 91 Texas, 178. (P. 25.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Smith County.

*Young & Stinchcomb* and *N. L. Lindsley* (*Geo. H. Fearons,* of counsel), for appellant.—The relationship of uncle and niece is too remote for the presumption to arise that the uncle will suffer actionable mental anguish by reason of not being at the burial of the niece.

An uncle will not be presumed to suffer actionable mental anguish on account of a failure to be at the burial of a niece only three days old, whom he had never seen, and in the absence of notice of special affectionate relations between them, a telegraph company failing to deliver him a message summoning him to the burial is not liable for mental anguish damages suffered by him on account of his failure to be at such burial. Rowell v. Telegraph Co., 75 Texas, 28; Telegraph Co. v. Coffin, 88 Texas, 94; Telegraph Co. v. Gibson, 39 S. W. Rep., 198; Telegraph Co. v. McMillan, 30 S. W. Rep., 298; Telegraph Co. v. Garrett, 34 S. W. Rep., 649; Telegraph Co. v. Ayres, 31 So. Rep., 79.

The language of the message does not notify appellant that appellee would likely suffer mental anguish by reason of not being with his sister during the time of the burial of her child, therefore no recovery can be had therefor.

The message contains no notice that appellee would likely suffer mental anguish on account of not being able to render consolation and aid to his sister during her illness. Telegraph Co. v. Birchfield, 38 S. W. Rep., 635; 14 Texas Civ. App., 664; Telegraph Co. v. Luck, 91 Texas, 178.

It is respectfully submitted that both of these questions should be answered in the negative. Our courts have never allowed a recovery wherein the facts were similar to those in this case, under either claim for damages, and it would be an extension of the doctrine to allow any recovery in this case; in this connection we call attention to the Luck, Edmondson, Gotcher and Arnold cases, hereinbefore cited, expressly limiting the doctrine. Our courts have refused recoveries in all cases which have not come within the limits fixed by this court. Rowell v. Telegraph Co., 75 Texas, 26; Morrison v. Telegraph Co., 59 S. W. Rep., 1127, 24 Texas Civ. App., 347; McCarthy v. Telegraph Co., 56 S. W. Rep., 568; Telegraph Co. v. Bass, 67 S. W. Rep., 515; Johnson v. Telegraph Co., 38 S. W. Rep., 64, 14 Texas Civ. App., 536 McAllen v. Telegraph Co., 70 Texas, 243; Telegraph Co. v. Smith, 13 S. W. Rep., 169, 76 Texas, 253; Ikard v. Telegraph Co., 22 S. W. Rep., 534; Telegraph Co. v. Murray, 68 S. W. Rep., 549; Telegraph Co. v. Giffin, 56 S. W.

Rep., 744, 93 Texas, 530; Telegraph Co. v. Bryant, 46 N. E. Rep., 358; Stafford v. Telegraph Co., 73 Fed., 273.

No briefs for appellee were on file.

WILLIAMS, Associate Justice.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"On March 11, 1902, C. L. Wilson sent from Dallas, Texas, to L. W. Wilson at Troupe, Texas, a telegram reading as follows: 'Baby will die. Ethel very dangerous. Come at once. (Signed) C. L. Wilson.'

"The defendant telegraph company was paid therefor the full rate and undertook to make prompt delivery thereof.

"The Ethel mentioned in the telegram was a sister of L. W. Wilson and the baby therein mentioned was her female infant less than three days old, which he had never seen. Both were dangerously ill. The telegraph company had no notice of the relationship existing between the parties or what consequences would probably result from a failure to promptly deliver it except what it was chargeable with by the terms of the message.

"On the day the message was sent the baby died and was buried in Dallas on the next day. The telegram, though sent from Dallas at 2:35 p. m., did not reach appellee until 9 o'clock on the morning of the next day, and though he took the first train for Dallas he did not arrive until after the burial of the baby. He could and would have gone in time had the message been delivered promptly.

"He brought this suit against the telegraph company to recover damages for mental anguish suffered by him as a result of his failure to be present at the burial of the child and by reason of his inability to be present and render consolation and aid to his sister at the burial and during her illness. The evidence shows that he suffered mental anguish both on account of his failure to attend the child's funeral and failure to be present and console his sister. Upon the trial he established the facts above set out.

"The evidence was conflicting on the issue of negligence of the company, but was sufficient to require the submission of the issue.

"Question 1. In the absence of all notice to the company, except such as was conveyed by the terms of the message, can the plaintiff in any event recover for mental anguish resulting from his failure to be present at the burial of his niece?

"Question 2. Under the facts stated is mental anguish suffered on account of failure to be present and console his sister an element of actionable damage?"

The reasoning of the opinion in the case of Western Union Telegraph Co. v. Coffin, 88 Texas, 94, seems to apply and control the first question. In that case Coffin sought to recover damages for mental anguish for being deprived of the opportunity to attend the funeral of his sister's husband. This court held that no such ties of affection between brothers-

in-law could be presumed to have existed as would give rise to mental anguish from such a cause as that alleged; and that therefore the telegraph company could not be held, in the absence of notice of the special relations existing in that case, to have had such character of damages in contemplation as a consequence of a breach of the contract. The same proposition is true here. It can not be presumed as generally true of uncles, that mere failure to attend the funeral of their nieces would cause mental anguish of the character for which damages are held by the decisions of this court to be recoverable. As pointed out in the Coffin case, such damages have hitherto been allowed only in cases where closer relationship existed, in which the existence of such affection would be presumed as would give rise to the feelings for which recovery is sought.

The second question is virtually decided in Western Union Telegraph Company v. Luck, 91 Texas, 178. In that case Mrs. Luck sent to her daughter, Bertha Wincker, a message that Luck, the husband of the sender and stepfather of the sendee, was very sick and summoning the sendee to come at once. One of the elements of damage claimed by Mrs. Luck arose from the fact that she had been deprived of the consolation which her daughter would have administered. The court held that the message afforded no notice of the probability of such a consequence of the nondelivery of the message. The character of damages referred to in the second question is the same, the only difference being that here it is claimed by the person to whom the message was sent. It is obvious that the message itself failed to give the requisite notice in the one case as well as in the other.

If damages such as are mentioned in either question can be recovered at all, the decisions would require that some notice must be given to the telegraph company of the probability of their being caused by failure to deliver the message.

Both questions are answered negatively.