WESTERN UNION TELEGRAPH COMPANY v. W. O. CAMPBELL ET AL.

Decided June 1, 1904.

**1.—Misjoinder of Causes—Jurisdiction—Practice on Appeal.**

A father and daughter and the daughter's husband, to whom the telegram was sent, all joined as plaintiffs to recover damages for sickness and discomfort caused the father and daughter by being forced to walk some distance on a rainy night, the husband not being at the depot to meet them in response to a telegram which was never delivered to him. Held, that though the joinder of the father's cause with the daughter's was improper it would not be noticed on appeal, not having been complained of in the trial, but for the fact that the judgment of the district court was void, he having sued for a sum not within the jurisdiction of that court.

**2.—Husband and Wife—Personal Injuries to Wife—Suit for Damages.**

Damages for personal injuries to the wife are community property and suit therefor should, ordinarily, be brought by the husband.

**3.—Delayed Message—Damages—Proximate Result.**

A telegraph company can only be held liable for such damages as might reasonably be anticipated and as would proximately flow from its failure to deliver a message.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

*Young & Stinchcomb* and *Geo. H. Fearons,* for appellant.

*Ingraham, Middlebrook & Hodges,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by R. P. Watson, Minnie Campbell and her husband, W. O. Campbell, against the Western Union Telegraph Company to recover damages alleged to have been caused from its failure to deliver the following telegram: "Shreveport, La., May 29, 1903.—To Mr. W. O. Campbell, Garrison, Texas: Meet Minnie and self at train to-night. R. P. Watson."

Plaintiffs' petition alleged that "Minnie" is the daughter of R. P. Watson and the wife of W. O. Campbell. That at 3:30 p. m. of May 29, 1903, Mr. Watson, acting for himself and Minnie, delivered the message to defendant's agent at Shreveport to be wired to Garrison, Texas, and there delivered to Mr. Campbell, and paid the company's agent 25 cents therefor. That he requested the agent to be careful that the message reach Mr. Campbell as soon as possible, for the reason that he and Campbell's wife were going to Garrison on the night train; that it would be a late hour when the train would arrive, and they wished Campbell to be sure to get the telegram; that the agent told him that the message would be there on good time, and that he need not be uneasy about Campbell's not getting it.

That the message was never received by Campbell, and, in consequence, he did not meet his wife and Mr. Watson at the train upon their arrival thereon at Garrison; but he had locked up his residence in town and gone to his father's, about a mile and a half from there, to spend the night.

That a heavy rain fell in Garrison, Texas, that night, causing the streets to be very muddy and disagreeable, and on account of the defendant's not delivering the message Mrs. Campbell and Mr. Watson had to walk 250 yards from the depot to Mr. Campbell's dwelling-house; which, when they reached there, they found locked, and being unable to enter they had to return, through the mud and chill of the night air, to the business part of the town and put up at a hotel for the night. That in consequence of her exposure in going to and returning from her home Mrs. Campbell got her feet wet, and, having to retire without an opportunity to dry her feet, caught a severe cold, and on account thereof was confined to her room for some time on account of such exposure, to her damage in the sum of $950. That such exposure was the direct result of the company's not delivering the telegram to her husband. That besides Mrs. Campbell's exposure to the inclement weather and her worry and toil in going through the mud to her home, she having no night robe, was compelled to retire in her wet clothes and pay $1 hotel fare.

That plaintiff R. P. Watson was compelled to take the same trips through the mud that his daughter was and to pay $1 hotel fare, to his damage in the sum of $26, besides the 25 cents he had paid for the telegram. The petition closes with a prayer for judgment in the sum of $950 for Mrs. Campbell and for $26.25 in favor of Mr. Watson.

The defendant answered by a general demurrer and special exceptions to the petition, and by a general denial, and by certain special pleas which we deem unnecessary to state. The demurrer and exceptions were overruled and the trial resulted in a verdict and judgment in favor of Mr. and Mrs. Campebll for $200 and in favor of Mr. Watson for 25 cents.

*Opinion.*—Mr. Watson's cause of action is separate and distinct from that of his coplaintiffs, and was therefore improperly joined with theirs. But as such misjoinder was not complained of in the trial court, it would not be noticed here were it not for the fact that the amount of damages sued for by him is not within the jurisdiction of the district court. As the district court had no jurisdiction of his case, the judgment in his favor, without respect to any of the errors assigned, is an absolute nullity, and must therefore be set aside.

Damages for personal injuries to the wife are community property and a suit for them should, ordinarily, be brought by the husband, and it is not necessary nor proper that the wife should join him in the action. Middlebrook v. Zapp, 73 Texas, 29. Therefore it was error for the court to overrule defendant's exception to plaintiff's petition that Mrs. Campbell was misjoined with her husband as a party plaintiff. This error, however, would not work a reversal of the judgment, no injury being shown, if it could otherwise be affirmed. Galveston H. & S. A. Ry. Co. v. Baumgarten, 72 S. W. Rep., 80; Galveston H. & S. A. Ry. Co. v. Fales, 77 S. W. Rep., 235.

In view of the rule that when the sufficiency of a petition is challenged by a general demurrer every reasonable intendment from the allegations, taken as a whole, will be indulged (Northwestern N. Ins. Co. v. Woodward, 18 Texas Civ. App., 496, 45 S. W. Rep., 187; Erie Tel. and Tel. Co. v. Grimes, 82 Texas, 94, 17 S. W. Rep., 831; Patterson v. Frazer, 3 Texas Law Journal, 988, 79 S. W. Rep., 1077), we are not prepared to say that the petition in this case is not good as against a general demurrer. But conceding the petition is sufficient to admit proof of cause of action in favor of Mr. Campbell, the evidence does not, in our opinion, establish it. For it does not appear from the evidence that if the message had been promptly delivered to him he would have met his wife at the train; or that if he had met her there it would have been with a conveyance to save her from the walk through the mud to their house. Nor does it appear that when she arrived at Garrison, and not finding her husband, she could not have procured a conveyance, gone to her home, and, not being able to get in the house, have then gone to the hotel without suffering any other inconvenience or discomfort from the muddy streets.

Unless Campbell would have met his wife at the train upon receipt of the message, he could recover no damages for discomfiture to his wife on account of not receiving the message. If he had received it and would not have furnished a conveyance to take her home, he would be entitled to no damages on account of her walking there through the mud. If, upon his failure to meet his wife because he had not received the message, she could have procured a conveyance to carry her home, the defendant would not be liable to Campbell beyond the cost of such conveyance and hotel fare. For in such events no other damages would have accrued.

The defendant can only be held liable for such damages as might reasonably be anticipated, and as would proximately flow from its failure to deliver the message.

It might have anticipated the rain, for it was an event of ordinary occurrence, and the augumented discomfort to Mrs. Campbell, on account of such an occurrence, in not having her husband to meet her. But we can hardly think it could have reasonably anticipated that she was without a night robe and would go to bed in her wet clothing, nor can it be said that her cold, in consequence, was proximately caused by defendant's failure to deliver the message.

For reason of the errors indicated the judgment is reversed, Mr. Watson's action dismissed, and the cause remanded as between the other plaintiffs and defendant.

*Reversed and dismissed in part; reversed and remanded in part.*