WESTERN UNION TELEGRAPH COMPANY v. J. M. BUTLER.

Decided January 14, 1907.

**1.—Delayed Telegram—Mental Anguish—Allegation and Proof.**

In a suit against a telegraph company for mental anguish caused the plaintiff by being deprived of the privilege of being with his mother during the period before and during the burial of his father and her husband, there being nothing in the message itself to give notice to the defendant that such deprivation would cause plaintiff mental anguish, and there being no evidence of any notice to the defendant as to such consequences, it was error to submit to the jury said element of damage as a ground of recovery.

Appeal from the District Court of Grimes County. Tried below before Hon. Gordon Boone.

*George H. Fearons, J. W. Lewis* and *Dean, Humphrey & Powell,* for appellant.—Damages as matter of law, were not recoverable on account of any mental pain or anguish suffered by plaintiff by reason of his not being able to be with his mother at his father's funeral. Western Union Telegraph Company v. Luck, 91 Texas, 178 to 181; Western Union Telegraph Company v. Wilson, 75 S. W. Rep., 482; Rowell v. Western Union Telegraph Company, 75 Texas, 26; Western Union Telegraph Company v. Kuykendall, 14 Texas Ct. Rep., 40.

There was no evidence offered upon the trial to show any notice to the defendant that the plaintiff might or would suffer mental pain or anguish as the result of failure or inability to be with his mother at the time of his father's funeral, and in the absence of such notice to the defendant, the trial court erred in submitting to the jury as an element of damages the pain and anguish endured by plaintiff by reason of not being able to be with his mother upon the occasion of his father's funeral. Western Union Telegraph Company v. Luck, 91 Texas, 178 to 181; Western Union Telegraph Company v. Wilson, 75 S. W. Rep., 482; Western Union Telegraph Company v. Kuykendall,

14 Texas Ct. Rep., 40; Western Union Telegraph Company v. Ayers, 14 Texas Ct. Rep., 904.

No brief for appellee.

REESE, ASSOCIATE JUSTICE.—J. M. Butler sued the Western Union Telegraph Company to recover damages for delay in transmitting and delivering to him the following telegraphic message: "Jim Butler, Saratoga, Texas. Come at once. Your father is dead. Will be buried tomorrow. (Signed) Mrs. M. U. Butler." Mrs. Butler was the mother of the addressee of the message.

From a verdict and judgment in favor of plaintiff for $400 defendant appeals. There are no briefs of appellee on file. The petition contained the following allegations: "Plaintiff represents to the court that by reason of the negligence of defendant he was denied the privilege of being present at the funeral of his said father, and of being with his said mother during the grief-stricken period before and during his said father's interment; and that by reason thereof he suffered great mental pain and anguish; and that by reason of the failure to deliver to plaintiff the said telegram, and because of the great mental pain and anguish resulting therefrom, plaintiff had been damaged in the sum of $1,800."

The court charged the jury upon the measure of damages as follows:

"If you find for plaintiff, you will assess his damages at such sum as in your sound judgment will fairly compensate him for the mental pain and anguish, if any, which he suffered by reason of not being able to be present at his father's funeral and with his mother at such time."

"You will not consider the grief plaintiff naturally suffered by reason of his father's death, but you will only take into consideration such additional mental anguish, if any, as you believe plaintiff suffered by reason of not being at his father's funeral, and with his mother at such time."

The giving of these charges is assigned as error, and the proposition is stated by appellant that, "as a matter of law, damages were not recoverable on account of any mental pain or anguish suffered by plaintiff by reason of his not being able to be with his mother at his father's funeral."

There was no evidence of any notice to appellant as to the consequences likely to ensue upon a failure to promptly transmit and deliver the message, except such as was conveyed by the message itself. This was notice of the relationship between appellee, to whom the message was addressed, and the person of whose death and prospective burial it was the purpose of the message to inform him, and that appellee would probably desire to be present at such burial and would suffer mentally if he were not able to do so. There was nothing in the message to give notice to appellant that a deprivation of the opportunity of being with his mother upon such occasion would cause him grief or mental disturbance. He was not entitled to recover damages on this ground, and it was error to submit this to the jury as an element of damages.

The exact point was decided by the Supreme Court in the case of Wilson v. Western Union Telegraph Company (75 S. W. Rep., 482), upon certified questions from this court.

It was error to give the instructions referred to for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*