WESTERN UNION TELEGRAPH CO. v. SAMUELS.

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1911. Rehearing Denied Dec. 20, 1911.)

1. APPEAL AND ERROR (§ 627*)—RECORD—STATEMENT OF FACTS.

Where the statement of facts is not shown to have been sent up by the trial court to the Court of Civil Appeals in another district, from which the case has been transferred as provided by Acts 31st- Leg. (1st Ex. Sess.) c. 39, §§ 6, 7, and, where no excuse for a failure to do so is shown, the court to which the case is transferred cannot consider the statement as a part of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749; Dec. Dig. § 627.*]

2. PLEADING (§ 205*)—DEMURRER—GENERAL DEMURRER.

A demurrer, while styled a "special exception," which fails to specify with definiteness the point of which it complains, is nothing more than a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–510; Dec. Dig. § 205.*]

3. TELEGRAPHS AND TELEPHONES (§ 65*)—ACTION FOR DAMAGES—PLEADING—NOTICE OF RELATIONSHIP.

A petition in an action against a telegraph company for damages for delay in the delivery of a death telegram alleged that plaintiff and the deceased were cousins, and were as at-

---

tached as if they had been sisters, and that the relationship, etc., was made known to defendant when the message was delivered to it. *Held,* that the averments were sufficient to show notice of the tender relations existing.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 65.*]

4. TELEGRAPHS AND TELEPHONES (§ 65*)— DELAY IN DELIVERY OF MESSAGE—RELATIONSHIP BETWEEN PARTIES—NOTICE.

In the case of near relations, such as father or son, husband or wife, brother or sister, etc., the law imputes notice to a telegraph company of the tender relationship existing, though not expressed in the death message, and implies that damages will result from failure to promptly deliver it; but no such inference arises as between parties not so related, and, in action by such parties, it is necessary both to allege and prove the facts upon which the action is predicated.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 65.*]

5. TELEGRAPHS AND TELEPHONES (§ 75*)— ACTIONS FOR DAMAGES—"RELATIONSHIP"— SUFFICIENCY OF EVIDENCE.

In an action against a telegraph company for damages for delay in the delivery of a death message, the court found that the deceased and the plaintiff were first cousins, that the sender at the time of delivering the message to defendant informed its agent of the relationship existing between the plaintiff and the deceased. *Held,* that the word "relationship" meant the state of being related by kindred affinity or other alliance, and the finding was only to the effect that defendant knew that the parties were first cousins, and not that the company had notice of any special tender relationship, and was insufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 75.*

For other definitions, see Words and Phrases, vol. 7, p. 6058.]

Appeal from Palo Pinto County Court; J. C. Houts, Judge.

Action by Alice Samuels against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

N. L. Lindsley and Geo. H. Fearons, for appellant. W. H. Gross and E. B. Ritchie, for appellee.

RICE, J. Appellee brought this suit against appellant to recover damages sustained by her on account of its failure to promptly transmit and deliver to her a message sent by her brother Horace Webster from Paris, Tex., on October 26, 1909, addressed to her at Mineral Wells, Tex., telling her to "Come at Once. Lillie is dead," whereby she was prevented from attending the funeral of said person, who was her cousin. The company answered by general and special demurrer, and a special plea, the averments of which need not be set out here. There was a nonjury trial, resulting in a judgment in favor of appellee, from which this appeal is prosecuted.

There are but three questions presented by the record, which we think it necessary to discuss. The first arises on appellant's motion to consider a paper which it claims to be the statement of facts; the second is addressed to the sufficiency of the petition arising on questions raised by demurrers; and the third is as to whether or not the evidence is sufficient to warrant the judgment.

This case was, by order of the Supreme Court, transferred to this court from the Court of Civil Appeals of the Second District, and the transcript of the record filed herein on February 9, 1911, but no statement of facts accompanied it. On the 13th of October, 1911, a paper denominated a statement of facts, which was agreed to and signed by counsel for the respective parties, and approved by the court, bearing file mark of the clerk of the trial court, was presented to the clerk of this court in behalf of counsel for appellant by a member of the local bar; but the clerk declined to file the same, marking thereon the date of its receipt and in whose behalf presented to him. When the case was called for submission, counsel for appellant presented a motion asking this court to direct its clerk to file said paper, and that the same be considered by the court as a statement of facts, and, as a basis for this action, alleged in said motion that said statement of facts was duly prepared, approved by the trial judge, and filed in the trial court as required by law; that through inadvertence the same was not, as appears from the record herein, indorsed as filed by the clerk of the Court of Civil Appeals of the Second District, to which said case was originally appealed; that the same, though duly and legally attested as a statement of facts herein, has never been indorsed as filed by the clerk of said court; that said case had been briefed by both the parties hereto with reference to said statement as a statement of facts and a part of the record herein. This motion was not verified. It will be observed that there is no averment in said motion showing that said statement was ever in fact sent up by the clerk of the trial court with the record in the case to the clerk of the Court of Civil Appeals of the Second District, nor is there any allegation that the same was ever in fact presented to said clerk for the purpose of being filed as a part of the record in this case.

[1] The law does not authorize the clerk of the trial court to incorporate the statement of facts in the transcript, but directs that, when the same is agreed to by the parties and approved by the judge, it shall be filed by him and sent up as a part of the record in the cause on appeal. Section 6, c. 39, p. 376, Acts 1st Called Session 31st Leg. Section 7 of the same act, in treating of the right of the court to extend the time for filing statements of facts, says that the same

shall not be so extended as to delay the filing of the statement of facts, together with the transcript of the record, in the appellate court within the time prescribed by law. See, also, Acts 32d Leg. c. 119, p. 264, wherein the same requirements have been re-enacted. It is clear from these provisions that it becomes the duty of the clerk of the trial court to send up with the transcript to the appellate court the statement of facts, and that the same, together with the transcript of the record, must be filed in the appellate court within the time required by law, unless some good reason is shown for a failure so to do. And, notwithstanding the fact that the paper seems to have been prepared and filed in accordance with law in the trial court as a statement of the facts, yet, in the absence of a proper showing that the same was ever presented to or filed by the clerk of the appellate court within the time prescribed by law, we are precluded from considering it as a part of the record, for which reason the motion to require the clerk to file the same is overruled. Hunter v. Russell, 133 S. W. 697.

With reference to the second question raised, it may be stated that the demurrer was addressed to the petition on the ground that it appeared therefrom that the plaintiff was the first cousin of the deceased, and that while the petition alleged facts sufficient to show that such relations existed between the parties as would authorize her to bring the action for damages for mental suffering, occasioned by the failure to deliver the telegram, provided notice of such facts was brought home to the appellant at the time the message was left with it for transmission, still it is contended on the part of appellant that the petition failed to allege that it had notice of such facts.

[2] The demurrer, while styled a "special exception," in fact is nothing more than a general demurrer, since it failed to specify with definiteness the point of which it complains.

[3] The petition, among others, contains this allegation: "Plaintiff further says that she and the said Lillie Cooper were cousins; that they were born in the same house, and were reared together and in the same family, and were very much attached and devoted to each other, as much so as if they had been sisters; and that, by reason of her being deprived of attending the funeral and burial of said Lillie Cooper, she has suffered great disappointment, grief, and mental pain and anguish, all to plaintiff's damage in the sum of $1,000, which sum the defendant, though often requested, has failed and refused to pay, and still fails and refuses to pay, all of which facts of the relationship, etc., were made known to defendant's agent at Paris at the time said first message was delivered to defendant." In a preceding paragraph of the petition, it is alleged that the company's agent was informed of the facts and circumstances requiring the speedy transmission and delivery to the plaintiff of the said telegram. The expression "the facts of relationship, etc.," together with the paragraph above quoted that preceded it, would indicate that not only the kinship between the plaintiff and the deceased was made known to appellant at the time of the receipt of the message, but that it likewise had notice of the facts and circumstances showing the tender relations that existed between said parties; and, in the absence of a special exception, it must be held that these allegations were sufficient.

The court filed its findings of fact and conclusions of law. The seventh assignment complains that the judgment of the court is not supported by the findings of fact, in this: That it nowhere appears therefrom that at the time of the receipt of the message appellant had notice of the special relations existing between plaintiff and the deceased which would authorize recovery herein, but only had notice of the relationship existing between plaintiff and the deceased, to wit, that they were first cousins. The court found, among other things, that the deceased and the plaintiff were first cousins; that they had been reared together and loved each other as sisters; had never been separated until about three years before this, when plaintiff moved to Mineral Wells; that plaintiff visited the deceased as often as once a year after she moved to Mineral Wells; that said Horace Webster at the time of delivering said message to defendant's agent at Paris informed said agent of the relationship existing between the deceased and the plaintiff. If by the word "relationship," as used above, it can be held that at the time of the delivery of the message by Webster to the company he informed it of all the facts and circumstances showing the tender and intimate relations existing between the plaintiff and the deceased, then the finding is sufficient to support the judgment. But if, as contended by appellant, the expression "informed said agent of the relationship" means nothing more than to inform said agent of the fact that the parties were first cousins, then there is no basis for the judgment and appellant's contention is correct. See Western Union Tel. Co. v. Coffin, 88 Tex. 94, 30 S. W. 896; W. U. Tel. Co. v. Wilson, 97 Tex. 22, 75 S. W. 482. In the first case referred to there was an elaborate discussion of the question as to whether or not plaintiff, who was prevented from attending the funeral of his brother-in-law through failure of the telegraph company to deliver a message, could recover, in the absence of a showing that at the time of the receipt of the message by the company it was apprised of the tender relations existing between the plaintiff and deceased, and it was there held that, unless it had such notice, no recovery could be had.

In the last case cited the same doctrine was applied as between an uncle and a niece.

[4] It seems that in the case of near relations, such as father or son, husband or wife, brother or sister, and the like, the law imputes notice to the company of said relationship, though not expressed in the message, and implies that damages will result from the failure to promptly deliver the message; but no such implication or inference arises as between parties not so related, for which reason it becomes necessary in the latter class of cases both to allege and prove the facts upon which the action is predicated.

[5] In the present case, if appellant was apprised of nothing more than the fact that the parties were first cousins at the time of the receipt of the message by its agent, no recovery can be had. Of what then was appellant informed by Webster at the time of the receipt of the message when the court found that he informed said agent of the relationship existing between the deceased and the plaintiff. We think clearly nothing more than the fact that said parties were first cousins. Words should be construed according to their ordinary signification. Fleming v. Nall, 1 Tex. 249. The Century Dictionary defines "relationship" as the state of being related by kindred, affinity, or other alliance. The Standard Dictionary defines it as "the state of being related; connection by blood or otherwise."

Believing that under the findings of the court appellant was not apprised at the time of the receipt of the message of anything more than the fact that plaintiff and deceased were first cousins, we are constrained to hold that such findings are insufficient to sustain the judgment, for which reason the same is reversed and the cause remanded.

Reversed and remanded.