### WESTERN UNION TELEGRAPH CO.
#### v. KANAUSE et ux.

(Court of Civil Appeals of Texas. Galveston. Dec. 19, 1911. Rehearing Denied Jan. 18, 1912.)

**1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR.**

Defendant telegraph company assigned error in admitting evidence of plaintiff's grief resulting from failure to promptly deliver a telegram announcing the death of his stepson, and in refusing to direct that plaintiff could not recover, and the proposition under the assignment was that plaintiff "was not entitled to recover for mental anguish on his own account," and the ·statement thereunder was that decedent was plaintiff's stepson, and there was no notice to defendant of any facts establishing any unusual or peculiar relationship between plaintiff and his stepson to permit plaintiff to recover for mental anguish in his own right. *Held*, that the statement was sufficient to authorize a consideration of the assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**2. TELEGRAPHS AND TELEPHONES (§ 68*) — DAMAGES—MENTAL ANGUISH—PERSONS ENTITLED—STEPFATHER.**

The relationship of stepfather would not of itself entitle the stepfather to recover damages for mental anguish by his inability to attend the stepson's funeral, caused by delay in delivering a telegram.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

**3. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Error in admitting evidence, in an action by a stepfather and his wife for damages for mental anguish by their inability to attend his stepson's funeral, prevented by delay in delivering a death message, that the stepfather suffered mental anguish because of his inability to be present, was not ground for reversing a judgment for his wife, where the court charged that the jury should only find damages for mental anguish suffered by her, as it must be presumed that the jury did not consider such evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4180; Dec. Dig. § 1053.*]

**4. APPEAL AND ERROR (§ 930*) — PRESUMPTIONS—CONDUCT OF JURY—FOLLOWING INSTRUCTIONS.**

It must be presumed, in the absence of a contrary showing in the record, that the jury followed the instructions..

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3757; Dec. Dig. § 930.*]

**5. APPEAL AND ERROR (§ 1031*)—HARMLESS ERROR—PRESUMPTIONS.**

The mere possibility that an error in admitting evidence influenced the amount of the verdict will not require a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

Appeal from Burleson County Court; R. J. Alexander, Judge.

Action by A. Kanause and wife against the Western Union Telegraph Company. ·From a judgment for plaintiffs, defendant appeals. Affirmed.

Hume & Hume, for appellant. J. R. Heslep, for appellees.

PLEASANTS, C. J. This suit was brought by appellees against the appellant to recover damages for the alleged negligent failure of appellant to transmit and deliver with reasonable promptness the following telegram: "Caddo Mills, Texas, May ·20, '10. A. Kanause, Caldwell, Texas—Come. Carry hit with rock. Can't live. [Signed] John L. Johnson."

The petition alleges, and the evidence shows, the following facts: The person named in the message, Carry, was the minor son of plaintiff, Mrs. Kanause, and the stepson of plaintiff· A. Kanause. Just before the message was sent, the said Carry had been mortally wounded, and, in fact, was dead at the time the message was received by defendant's agent at Caddo Mills for transmission. The purpose of the message was to notify plaintiffs in order that they might come to Caddo Mills, and see the body of their son before its burial, and be present at the burial. To enable them to reach Caddo Mills before the burial, they must have left their home at Caldwell, Tex., on the train leaving that place at 1:25 a. m. May 21, 1910. John L. Johnson, who sent the message, was the brother of Mrs. Kanause, and in sending said message acted for her benefit. The relation of the parties, and all of the facts above stated, were known to defendant's agent at Caddo Mills at the time he received the message for transmission. The defendant negligently failed to deliver the message in time for plaintiffs to take the 1:25 train on May 21st, and they were unable to see the body of their son before its burial or to be present at the burial, and on this account suffered much mental anguish.

[1] The first and second assignments of error presented in appellant's brief, and the propositions and statements submitted thereunder, are as follows:

· "First assignment of error: The court erred in admitting in evidence, over defendant's objection, the question propounded to A. Kanause by plaintiff's counsel, and the answer thereto, as to grief and disappointment on account of his failure to get to Caddo Mills to the burial; said objection thereto being that said evidence was. incompetent, immaterial, and irrelevant, as shown by defendant's bill of exception No. 1.

"First proposition: Plaintiff A. Kanause was not entitled to recover damages for mental anguish on his own account, and it was error for the trial court to admit in evidence the testimony as to his suffering and mental anguish.

"Statement: Defendant's bill of exception No. 1 was as follows: 'Be it remembered that on the trial of the above styled and numbered cause in this court on this the 10th day of November, A. D. 1910, the following proceedings were had, to wit: That

while the plaintiff A. Kanause was on the witness stand, testifying on redirect examination, his counsel asked him the following question: "Q. I will ask you, Mr. Kanause, if your failure to be able to get to Caddo Mills to the burial of this child gave you any grief or disappointment?" To which question counsel for defendant objected, on the ground that it was incompetent, immaterial, and irrelevant, and said objection was by the court overruled, and the witness permitted to answer said question, as follows: "A. Yes, sir; of course, same as anybody would grieve. Of course, it grieved me, and grieved me more to see my wife hurt so bad over it. Of course, it wasn't like if it had been my own child—grieved as much as any stepfather could grieve. I thought as much of him as I possibly could; grieved me to see my wife grieve so. It just made me sick." To which action of the court in overruling said objection the defendant then and there excepted, and here now tenders this bill of exception, and prays that the same may be examined, signed, and by the court approved, and ordered filed as part of the record in this cause, etc. Defendant requested a special charge, which was by the court refused as follows: "You are instructed that A. Kanause is not entitled to recover damages herein for mental anguish suffered by him."

" 'The child that was killed was the stepson of A. Kanause. There was no notice to defendant of any facts establishing any unusual or peculiar relationship subsisting between A. Kanause and his stepson, such as to admit of a right in plaintiff to recover for mental anguish in his own right.'

"Second assignment of error: The court erred in refusing to submit to the jury defendant's special charge No. 2.

"Proposition: Plaintiff A. Kanause was not entitled to recover damages for mental anguish on his own account, and it was error for the court to refuse the requested charge.

"Statement: The charge, which was by the court refused, was as follows: 'You are instructed that A. Kanause is not entitled to recover damages herein for mental anguish suffered by him.' "

The proposition submitted under these assignments, "that plaintiff A. Kanause was not entitled to recover for mental anguish on his own account," depends for its support upon the statement that the deceased was the stepson of said plaintiff, and that "there was no notice to defendant of any facts establishing any unusual or peculiar relationship subsisting between A. Kanause and his stepson, such as to admit of a right in plaintiff to recover for mental anguish in his own right." While this statement is meager, we think it is sufficient to authorize a consideration of the assignments.

[2] The evidence shows that the agent of appellant who received and transmitted the message knew all of the parties and the relationship existing between them, but there is no evidence showing how long the plaintiff, A. Kanause, had been married to the mother of the boy, Carry, or that the said plaintiff had any unusual or peculiar affection for his stepson. The only ties which bound the one to the other, so far as the evidence shows, was the legal relationship of stepfather and stepson. We agree with appellant that said relationship is not in itself sufficient to entitle the stepfather to recover damages for mental anguish caused by his inability to attend the burial of the stepson. In the case of Telegraph Company v. Coffin, 88 Tex. 94, 30 S. W. 896, the general principles upon which recovery is allowed in cases of this kind are laid down, and it is held, in effect, that when the relationship is that of husband and wife, parent and child, or brother and sister, that mere proof of such relationship, and that the telegraph company had notice thereof, will authorize a recovery for mental anguish, but, when the relationship of blood or affinity is not one of those mentioned, to entitle the plaintiff to recover, the evidence must disclose the existence of special ties of affection between the plaintiff and the deceased, and that such unusual and tender relationship was known to the telegraph company at the time the message was received for transmission. Tested by this rule, we think the objection to the testimony before set out should have been sustained. Telegraph Co. v. Wilson, 97 Tex. 22, 75 S. W. 482.

[3] We do not, however, agree with appellant that the erroneous admission of this testimony requires a reversal of the judgment of the trial court. By the charge of the court, the jury were only authorized to find damages for the distress and mental anguish suffered by Mrs. Kanause. Under this charge, it cannot be presumed that the immaterial testimony of Mr. Kanause that he was disappointed and grieved at not being able to attend the burial of the deceased was considered by the jury in assessing the damages awarded Mrs. Kanause.

[4] We must presume, when there is nothing in the record to indicate otherwise, that the jury followed the instructions given them by the court.

There is no complaint that the verdict is excessive and nothing in the record to indicate that the objectionable testimony had any effect upon the verdict.

[5] The mere possibility that the error complained of may have influenced the jury in fixing the amount of their verdict does not require a reversal of the judgment, and such result should only follow when the error is one reasonably calculated to have influenced the jury in arriving at their verdict.

The charge requested by the defendant might very well have been given, but in view of the charge given by the court, as above stated, the refusal to give the special charge is not ground for reversal.

The third assignment of error is without merit, and is overruled without discussion.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.