## WESTERN UNION TELEGRAPH CO. v. SMITH et al. (No. 6286.)

(Court of Civil Appeals of Texas. Austin. Feb. 16, 1921.)

1. **Telegraphs and telephones ⬅⇒68(5)—Damages for mental anguish presumed from nondelivery of death message showing relationship of deceased to addressee.**

Where a telegram is a death message, the telegraph company must take notice of the relation between the deceased party and the addressee, and, if such relation is that of father, mother, brother, or sister, the company will be presumed to know that mental anguish will probably be suffered if the addressee does not promptly receive the message.

2. **Telegraphs and telephones ⬅⇒68(4)—Damages for mental anguish of addressee in death message not presumed, where relationship to deceased is not disclosed.**

There is no presumption that mental anguish will be suffered by failure to receive a death message where deceased and the addressee are not related in degrees of father, mother, brother, or sister, and by such failure addressee is deprived of the privilege of attending the funeral.

3. **Telegraphs and telephones ⬅⇒68(4)—Delay in delivering death message to aunt of deceased held not ground for recovery for mental anguish.**

In an action for delay in delivering a telegram sent by father of deceased informing plaintiff, who was deceased's aunt, of the death and time of burial, where the relationship of the addressee to deceased did not appear from the

telegram itself, and the telegraph company was not notified thereof, a general demurrer to plaintiff's petition should have been sustained.

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Action by Mrs. Ezra Smith and husband against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Francis R. Stark, of New York City, and Brooks, Hart & Woodward, of Austin, for appellant.

JENKINS, J. Appellee, Mrs. Ezra Smith, joined by her husband, brought suit against the appellant to recover damages sustained by her through mental anguish suffered on account of the alleged negligence of appellant in failing to deliver a telegram as follows:

"De Leon, Texas, October 18, 1919.
"Mrs. Ezra Smith, Smithville, Texas: Be at Goldthwaite 8 a. m. tomorrow. Little Lena Doggett dead, be buried Goldthwaite. [Signed] Ira Doggett."

Ira Doggett was the father of the child mentioned and appellee was its aunt. Appellant was paid for transmitting and delivering the telegram. The message was filed in the office at De Leon at 4:55 p. m., and was received at Smithville at 6:12 p. m. on the same day. It was delivered to Mrs. Smith shortly after 8 a. m. on the following day.

The first assignment of error is that the court erred in overruling defendant's general demurrer to plaintiff's original petition. The ground for this demurrer is that it is not alleged that appellant was notified, at the time it received the message, nor at any other time before its delivery, that such tender ties of affection existed between Mrs. Smith and the deceased child as would probably give rise to mental anguish on account of Mrs. Smith's failure to attend the funeral.

It is alleged in the petition:

That "said Lena Doggett was the niece of plaintiff, and that strong ties of love and affection existed between them, that plaintiff had been with her niece often each year, and that she was extremely anxious to be at hand and attend her funeral, and assist in administering the last sad rites at her burial, where she would have been had the defendant exercised due and ordinary care in delivering such message."

It is, however, not made to appear by the petition that the telegraph company was notified of these facts at the time the message was delivered to it. No character of notice to the company is alleged, and none is to be inferred, save that which appeared from the telegram itself.

[1, 2] It has been held in this state, and such is the law of this state, that when a telegram is a death message, the telegraph company must take notice of the relation between the deceased party and the party to whom the telegram is sent, and that, if such relation is that of father, mother, brother, or sister, the company will be presumed to know that mental anguish will probably be suffered if the sendee does not promptly receive the message. In such case no proof of mental anguish is required, but the law presumes the same. However, it is a settled law of this state that there is no presumption that mental anguish will be suffered by the failure of the party to receive a telegram as to the death of one who is not related within the degrees of kindred stated, and by such failure be deprived of the privilege of attending the funeral of deceased. Telegraph Co. v. Wilson, 97 Tex. 22–25, 75 S. W. 482.; Telegraph Co. v. Coffin, 88 Tex. 95, 30 S. W. 896; Telegraph Co. v. Campbell, 36 Tex. Civ. App. 276, 81 S. W. 580; Telegraph Co. v. Gibson, 39 S. W. 198–200; Daniel v. Telegraph Co., 61 Tex. 457, 48 Am. Rep. 305; Telegraph Co. v. Kanause, 143 S. W. 189, 190; Telegraph Co. v. Samuels, 141 S. W. 802.

In the case of Telegraph Co. v. Coffin, supra, the relationship was that of brother-in-law. In Telegraph Co. v. Wilson, supra, the sendee was the uncle of the deceased. In Telegraph Co. v. Gibson and in Telegraph Co. v. Campbell, supra, the sendee was the father-in-law of the deceased. In Telegraph Co. v. Kanause, supra, the sendee was the stepfather of deceased; and in Telegraph Co. v. Samuels, supra, the company was notified of the special affection existing between the parties, who were cousins, and the company was held liable for mental anguish.

[3] Upon the authority of the cases above cited, we sustain appellant's first assignment of error, and hold that the court erred in overruling the general demurrer to appellees' petition.

Upon the same authorities, we sustain appellant's second assignment of error, which is that the court erred in not instructing the jury to return a verdict for the defendant, and also its third assignment, which is the court erred in not granting a new trial, for the reason there was no evidence to sustain a verdict. The evidence affirmatively showed that no statement was made to the telegraph operator receiving the message except that Mrs. Smith resided at Smithville, and she was well known there. This statement was made in response to an inquiry of the operator.

The case having been fully developed upon the facts, we reverse the judgment of the trial court, and here render judgment in favor of appellant.

Reversed and rendered.