## WESTERN UNION TELEGRAPH CO. v. SHAW.

### No. 2369.

Court of Civil Appeals of Texas. Eastland.

May 7, 1943.

Rehearing Denied July 9, 1943.

See 173 S.W.2d 766.

336

Conner & Conner, of Eastland, for appellant.

Turner & Seaberry, of Eastland, for appellee.

FUNDERBURK, Justice.

Jack Shaw, residing in Beaumont, Texas, the son of R. L. Shaw and Bessie Shaw, residing in Cisco, Texas, upon the death of the former's thirteen-hour old baby sent a telegram to said R. L. Shaw, saying: "Baby died at 1:10 AM. Florence coming tomorrow. Will call 10:00 PM at Pauls". The telegram was sent as a night letter at about 2 o'clock A.M., January 14, 1942. The baby was buried in the afternoon of January 14, 1942. The grandparents never learned of the child's death or burial until January 15, 1942.

R. L. Shaw, for himself and wife, Bessie Shaw, brought this suit against Western Union Telegraph Company, seeking recovery of damages for mental anguish suffered by plaintiff and his wife because of the alleged negligence of defendant in the transmission and delivery of said telegram.

In a nonjury trial the court gave judgment for plaintiff, awarding recovery of $1,000 damages suffered by plaintiff and wife, apportioned $500 to each.

The defendant has appealed.

The question is presented for decision whether the relation of the baby, mentioned in the telegram, to the addressee, R. L. Shaw, being that of grandchild and grandparent, was such that the message alone was notice to defendant of the existence of such tender ties of affection as would support a presumption that the grandparents suffered damages from mental anguish. Upon this point appellant makes an able argument. It seems to us, however, that it is based upon a wrong premise, which naturally results in a conclusion not necessarily correct. The argument is founded upon the proposition, as a premise, that the Supreme Court in Western Union Telegraph Co. v. Coffin, 88 Tex. 94, 30 S.W. 896, 897, in declaring that under principles there discussed, those sustaining the relation of husband and wife, parent and child, and brother and sister, could recover, also declared or implied that only those thus named could do so. Any such implication seems to us to have been affirmatively excluded by the language of the opinion as follows: "To what degree of remote relationship the inference of injury may be extended is not necessary for us to determine at this time * * * ." In the entire opinion the court neither said, nor implied, that the relation of grandchild and grandparent would be excluded as not being that of "near blood relatives." In Western Union Telegraph Co. v. Wilson, 97 Tex. 22, 75 S.W. 482, the Coffin case was followed as applicable to the relation of niece and uncle, but there is no implication that the same would be true of grandparent and grandchild. As we see it, said two decisions did not involve, and there was not therein decided, the question now at issue.

Appellant's construction of the Coffin and Wilson cases, supra, is supported by Western Union Telegraph Co. v. Smith, Tex.Civ.App., 227 S.W. 1111, and Western Union Telegraph Co. v. Kanause, Tex.Civ.App., 143 S.W. 189. In the first case the court said [227 S.W. 1112]: "It has been held in this state, and such is the law of this state, that when a telegram is a death message, the telegraph company must take notice of the relation between the deceased party and the party to whom the telegram is sent, and that, if such relation is that of *father, mother, brother, or sister,* the company will be presumed to know that mental anguish will probably be suffered if the sendee does not promptly receive the message. In such case no proof of mental anguish is re-

quired, but the law presumes the same." (Italics ours.) Thus far no fault can be found with that opinion. We quote the foregoing merely to point out the italicized words as the subject of the subsequent reference contained in the statement following same, namely: "However, it is a settled law of this state that there is no presumption that mental anguish will be suffered by the failure of the party to receive a telegram as to the death of one who is not related *within the degrees of kindred stated,* and by such failure be deprived of the privilege of attending the funeral of deceased." (Italics ours.) The first cases cited are the Wilson and Coffin cases, supra. As already stated, the Coffin case expressly did not decide such question, and neither was that question decided in the Wilson case. Such construction of the opinion in the Coffin case was not necessary to the decision because the relationship involved was that of aunt and niece.

In the second case the court said [143 S. W. 190]: "In the case of [Western Union] Telegraph Co. v. Coffin, 88 Tex. 94, 30 S.W. 896, * * * it is held, in effect, that when the relationship is that of husband and wife, parent and child or brother and sister, that mere proof of such relationship, and that the telegraph company had notice thereof, will authorize a recovery for mental anguish, *but, when the relationship of blood or affinity is not one of those mentioned,* to entitle the plaintiff to recover, the evidence must disclose the existence of special ties of affection between the plaintiff and the deceased." (Italics ours.) This was also, in our opinion, a wrong construction of the Supreme Court's opinion purportedly followed in a matter not necessary to the decision. The relationship—stepfather and stepson—was one of affinity. There could, therefore, have been involved no question of a blood relationship, such as grandchild and grandparent. In the last above italicized clause the court expressed its opinion upon the very question which expressly was not decided in the Coffin case. These two cases are, therefore, in our opinion, not properly to be regarded as authoritative upon the question at issue.

■ It has in two cases in this state been decided, in effect, that the relation of grandparent and grandchild comes within the term "near blood relatives", as discussed in the Coffin case. They are Western Union Telegraph Co. v. Porterfield, Tex. Civ.App., 84 S.W. 850, writ refused, and Western Union Telegraph Co. v. McMillan, Tex.Civ.App., 174 S.W. 918, writ refused. In Western Union Telegraph Co. v. Jenkins, 108 Tex. 374, 194 S.W. 131, the Supreme Court, without discussion of the point, affirmed a recovery to grandparents, the deceased being a grandchild. We are not convinced that these decisions are wrong and are, therefore, of the opinion that they should be followed.

■ Under the notice which the terms of the telegram imputed to defendant, we are of opinion that R. L. Shaw was entitled to plead and prove that if the telegram had, in the exercise of reasonable care and diligence, been transmitted and delivered he would have attended the baby's funeral. In other words, the fact that the baby was buried in so short a time that he could not have reached Beaumont is not conclusive against him. He was entitled to make proof—as he offered to do—that he could have, and would have, had a postponement of the funeral to enable him to be present. 40 Tex.Jur. p. 650; Western Union Telegraph Co. v. Swearingin, 97 Tex. 293, 78 S.W. 491, 104 Am.St.Rep. 876.

■ We are of opinion that R. L. Shaw was not shown to be entitled to recover for mental anguish of his wife, Mrs. Bessie Shaw. This results from the want of notice to appellant of her interest in the message. The general rule is: "A third person, who is neither the sender nor the addressee, may sue where the message shows, or the company is otherwise informed, of his beneficial interest therein. Conversely, such a person cannot sue where defendant has no notice either from the message or otherwise of his beneficial interest." 62 C.J. p. 192, § 220. "Thus," continues the same authority, "it has been repeatedly held that a person, other than the sender or the addressee, who is not mentioned in the message and whose interest therein is not disclosed cannot recover for mental anguish." Id. Texas cases cited to the text are: Southwestern T. & T. Co. v. Gotcher, 93 Tex. 114, 53 S.W. 686; Western Union Telegraph Co. v. Carter, 85 Tex. 580, 22 S.W. 961, 34 Am.St.Rep. 826; Western Union Telegraph Co. v. Kirkpatrick, 76 Tex. 217, 13 S.W. 70, 18 Am.St. Rep. 37; Western Union Telegraph Co. v. Abbott, Tex.Civ.App., 17 S.W.2d 467; Western Union Telegraph Co. v. Coleman, Tex.Civ.App., 284 S.W. 278; Western Union Telegraph Co. v. Taylor, Tex.Civ.

App., 162 S.W. 999; Western Union Telegraph Co. v. Fore, Tex.Civ.App., 26 S.W. 783.

 Appellee recognizes the law as above stated, but contends there was evidence to raise the issue as one of fact, that appellant had notice, independently of the telegram, of the interest of Mrs. Shaw by reason of a telegram phoned into the office the day before announcing the birth of a boy. This telegram was addressed to Mr. and Mrs. R. L. Shaw and signed "Jack". The message in suit was delivered to a hotel across the street from the office of appellant —closed at that time—and was addressed to R. L. Shaw and signed "Jack Shaw." In our opinion the transaction involving the notification of Mr. and Mrs. R. L. Shaw by a person named "Jack" of the birth of a boy, was a different transaction from that of notifying R. L. Shaw of the death of a baby and signed by Jack Shaw. Notice to servants or agents of facts involving the first transaction was, in our opinion, not notice imputed to appellant that the second telegram was sent for the benefit of Mrs. Bessie Shaw. So far as there is any evidence to show, no one servant or agent of appellant had actual knowledge of both telegrams. If, as we think, the two transactions were entirely separate, such actual knowledge upon the part of some servant or agent of appellant was essential to constitute notice to appellant.

 "The notice to, or knowledge of, an agent which is to bind the principal must be of some matter so material to the transaction as to make it the duty of the agent to communicate it to the principal * * *." 2 Am. Jur. p. 291, § 372. Granting the same agent through the first telegram had notice that R. L. Shaw had a wife, it does not appear that such fact had any materiality except as respecting that particular transaction. According to the last cited authority, "A principal is not chargeable with the knowledge of an agent * * * where the fact had no apparent materiality to any business of the principal other than that then transacted, and the subsequent transaction is independent." 2 Am. Jur. p. 298, § 378.

 Appellee places much reliance upon the failure of appellant, in view of the assumed ability to do so, to prove that appellant's receiving agent did not have actual knowledge of both telegrams. In our opinion, the presumption arising from failure to produce evidence never arises when the question is one of the entire absence of evidence to raise an issue of fact. The party having the burden of establishing an issue may not in the absence of any evidence discharge the burden of establishing an issue by a presumption arising from the failure of the adverse party to produce evidence tending to show the negative of the issue. In Corpus Juris Secundum it is said that: "Where the party having the burden of proof fails to establish a prima facie case, no presumption arises from the failure of the other party to introduce evidence peculiarly within his knowledge. Where defendant introduces no evidence, but submits the case on plaintiff's evidence, no presumption unfavorable to defendant arises from his failure to produce evidence peculiarly within his knowledge and possession." 31 C.J.S. Evidence, pp. 849, 850, § 156; Longhorn Drilling Corp. v. Padilla, Tex.Civ.App., 138 S.W.2d 164, and authorities cited.

 We are unable to see that the finding of damages in the sum of $500 is excessive. In the nature of the case, there could be no exact measuring of damages for mental anguish, and a finding of $500 as compensation for the suffering sustained by R. L. Shaw (and a like amount for his wife) does not appear to us to be so great as to justify us in substituting our opinion for that of the learned trial judge.

It is, therefore, our conclusion that the judgment of the trial court awarding damages in the sum of $500 to the plaintiff, R. L. Shaw, should be affirmed; but that that part of the judgment awarding him recovery of $500 for his wife, Mrs. Bessie Shaw, should be reversed and judgment rendered that as to that item he take nothing; and that appellant should recover one-half of the costs of the trial court and the costs of appeal.

It is accordingly so ordered.