WESTERN UNION TELEGRAPH COMPANY v. H. W. BOUCHELL.

Decided January 11, 1902.

1.—Telegraph Company—Delayed Message—Presumption of Negligence.

Proof of failure to deliver a message to the addressee makes a prima facie case of negligence against the telegraph company.

2.—Same—Mental Anguish—Death Message—Excessive Damages.

Where delay in the delivery of a message prevented plaintiff from being at the bedside of her dying father for three and a half hours before his death, during which time he was unconscious and in the throes of death, but it was delivered in time to enable her to attend the funeral, a verdict for $1250 was grossly excessive, and a remittitur reducing the amount to $500 is required.

Appeal from Wichita. Tried below before Hon. A. H. Corrigan.

*N. L. Lindsley,* for appellant.

*Miller & Scurry,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—The failure to deliver the message set out in the plaintiff's petition made a prima facie case of negligence against the telegraph company. One of its agents testified that the cause of the delay was the bad condition of the line between the office of the company at the Cotton Belt depot in Fort Worth and its general relay office in said city. No evidence whatever was offered by the company to explain what the trouble was nor to excuse itself for the condition of this mile or two of line in the city. We therefore conclude that the delay of about twenty-four hours in the delivery of the message was due to the negligence of the appellant.

We find no error in the proceedings, and overrule all the appellant's assignments of error except the one complaining of the excessiveness of the verdict. On this point the evidence showed that if the message had been delivered promptly to Mrs. Bouchell at Wichita Falls, Texas, she could and would have taken a train and would have arrived at the bedside of her dying father about three and a half hours before he expired. The evidence further showed that he expired at 4:30 o'clock on March 25, 1901, at Clinton, in Hunt County, Texas, and that from at least about noon of that day he was unconscious and did not know the members of his family nor his neighbors; that from 1:30 p. m. of that day he was in the throes of death; to use the language of one of his neigh-

bors who was with him and saw him die, he "had the death rattles in his throat." Mrs. Bouchell arrived about twenty hours after his death and was present at his funeral. She was only deprived by the delay in delivering the message of being with him during three and a half hours of this distressing condition in the closing scene of his life. He would not have recognized her, nor was it possible for any communication to have occurred between them, as the evidence conclusively establishes that he was totally unconscious from about noon that day until the end came at 4:30 o'clock that afternoon.

Under such circumstances we conclude that the verdict for $1250 is grossly excessive and manifestly unjust, and the District Court should have set it aside on that ground which was urged in the motion for a new trial.

The judgment will therefore be reversed and the cause remanded, unless within twenty days the appellee shall file a remittitur in this court of all the judgment except $500, in which event it shall be affirmed for said amount, and in either case the costs of this appeal will be taxed against the appellee.

*Affirmed on remittitur.*

Writ of error refused.